## Commonwealth *v.* Hicks, Appellant.

Submitted March 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John Hicks,* appellant, in propria persona.

*Philip M. Capone* and *Thomas M. Reed,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 11, 1964:

This is an appeal from a conviction by a jury on indictments Nos. 1936 and 1937, June Term, 1963, in the Court of Quarter Sessions of Philadelphia County, charging defendant with the failure to stop and render assistance to an injured person and with involuntary manslaughter. Defendant was sentenced on each bill of indictment to a term of not less than eighteen months nor more than three years to be served consecutively in the State Correctional Institution at Philadelphia.

No post-conviction motions were filed. Ordinarily, matters not raised in the court below will not be considered on appeal. *Com. v. Gomori,* 192 Pa. Superior Ct. 325, 330, 161 A. 2d 649. However, we have decided to consider this appeal on its merits.

Defendant questions the sufficiency of the evidence to sustain the convictions as well as the evidence concerning the identity of the defendant as the driver of the car that struck deceased.

The offense of involuntary manslaughter "consists of the killing of another person without malice and unintentionally, but in doing some unlawful act not amounting to a felony, or in negligently doing some lawful act: . . . Where the act in itself is not unlawful, to make it criminal, the negligence must be such a departure from prudent conduct as to evidence a disregard of human life or an indifference to consequences:

. . . Reckless driving upon the highway is such a departure from prudent conduct: . . ." *Com. v. Hartle,* 200 Pa. Superior Ct. 318, 324, 188 A. 2d 798, 801.

A review of the evidence in a light most favorable to the verdict (*Com. v. Gomori,* supra, 192 Pa. Superior Ct. 325, 327, 328, 161 A. 2d 649) establishes the following:

Arthur Gilmore, an eyewitness, testified that, at 7:15 p.m. on March 4, 1963, Harry Yeager, a pedestrian, was struck by a 1955 or 1956 Chrysler or Plymouth car which was being driven south on 17th Street. The accident occurred at the intersection of 17th Street and Columbia Avenue, Philadelphia. Mr. Gilmore described the car as being black with a red top. He estimated the speed of the car at fifty miles per hour as the light turned amber. The light was red as the car passed through the intersection. The front of the car struck Yeager who was crossing the street, throwing his body eleven feet into the air and a distance of thirty feet. He further testified that the driver stopped for a few seconds but made no move to leave the car or render assistance to Yeager. When Gilmore called to the driver to halt, the driver turned off his lights and "took off," throwing a lot of smoke.

At 9:35 p.m. on the day of the accident, Yeager died. Dr. Halbert Fillinger, assistant medical examiner for the City and County of Philadelphia, testified that Yeager died from severe and multiple internal and external injuries to his body, and that these injuries were caused by a car which he estimated to be traveling at a rate of speed of twenty-five miles per hour or faster.

The following day, March 5, 1963, the police found a 1955 Plymouth matching the description of the car which struck Yeager. Photographs of the Plymouth car were offered in evidence at the trial and were identified by Gilmore as photographs of the car which struck Yeager. The car was owned by defendant. It

was severely damaged and dented, including the right front fender. Defendant stated that he was unaware of the damage and did not know how it happened.

Clothing of the victim and scrapings from defendant's car were examined in the police chemical laboratory. The laboratory tests indicated that portions of the victim's clothing corresponded with paint particles from defendant's car, including the sequence of the various layers of paint on the car. Sisal and wool fibers taken from defendant's car corresponded with the fabric of the victim's coat. Grease from defendant's car, tested under ultra violet light, "had a similar fluorescence" to grease on the victim's clothing.

Defendant himself testified that he was at or in the car within three or four blocks of the scene of the accident and within a few minutes of the time Yeager was struck; that he had the only key to the car; and that it was never out of his possession. Defendant denied he was drinking at the time of the accident, but admitted that he had had "a little wine."

It is true that most of the testimony is circumstantial. However, proof of guilt may be established by circumstantial evidence. The facts and circumstances, in order to warrant a conviction, must be such as to establish the guilt of a defendant, not necessarily beyond moral certainty or as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt. *Com. v. Gomori,.* supra, 192 Pa. Superior Ct. 325, 329, 161 A. 2d 649.

It is our conclusion that the evidence is sufficient to support the verdict of involuntary manslaughter. The evidence also fully supports the conviction on the charge of failure to stop and render assistance to an injured person, under section 1027 of the Act of April 29, 1959, P. L. 58, 75 PS §1027.

The evidence as to defendant's identity as the driver of the car is also sufficient. Defendant admitted he

was in his car at or about the time of the accident. The jury could reasonably find that defendant was driving his car at the time and place the victim was struck.

Judgments of sentence are affirmed.