611 A.2d 731

**COMMONWEALTH of Pennsylvania**

v.

**James Alexander MARTIN, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1991.

Filed June 22, 1992.

510

Steven B. Molder, Easton, for appellant.

Donald B. Corriere, Dist. Atty., Bethlehem, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

OLSZEWSKI, Judge:

James Martin appeals the judgment of sentence for rape and simple assault, imposed on June 14, 1991, by the Court of Common Pleas of Northampton County. Appellant's conviction arose out of an incident which occurred May 17, 1990. Appellant lured his female victim to a secluded area, under the guise that appellant needed a ride to pick up his car in that area. When she sensed danger and attempted to flee, appellant forcibly detained the victim and raped her at knife point. Subsequent to the rape, appellant tied the victim's hands and feet together and pushed her over an embankment, into a creek. Appellant then fled. The victim was eventually able to free herself, went to a nearby home, and phoned the police.

On March 22, 1991, appellant appeared before the Court of Common Pleas of Northampton County, the Honorable Robert Freedberg presiding. Appellant, with counsel, entered a plea of guilty to simple assault and rape.[1] Sentenc-

1. Appellant was originally charged with five offenses: rape, aggravated assault, simple assault, unlawful restraint, and recklessly endangering another person. All but the rape and simple assault charges were

ing was deferred pending preparation of a pre-sentence investigation. On June 14, after reviewing the pre-sentence report and making it available for review by appellant and his counsel, the court sentenced appellant outside the sentencing guidelines, to a term of ten-to-twenty years imprisonment for the rape, and a consecutive term of one-to-two years for the simple assault. On June 24, 1991, appellant filed a motion for withdrawal of his guilty plea, claiming it was entered involuntarily. Appellant claimed that he was not aware of the factors which could (and did) take his case out of the sentencing guidelines, and that a manifest injustice would result if he could not withdraw his plea. On July 1, 1991, the motion to withdraw the plea and a motion to reconsider sentence were both denied. This appeal followed.

In the instant case, appellant presents four instances of trial court error:

1. that his guilty plea was not entered voluntarily;
2. that appellant's sentence is illegal because the simple assault charge merges with the rape charge;
3. that the court erred by issuing a sentence outside the sentencing guidelines, without sufficient basis or foundation;
4. that appellant's sentence was excessive.

Finding no merit to these allegations of error, we affirm the judgment of sentence.

■ First, appellant posits that his guilty plea was not entered voluntarily. Appellant argues that if he had known that the sentencing judge was able to, and intent on, sentencing outside the guidelines, he would not have entered his plea. Appellant contends that the sentencing judge ignored the pre-sentence report, and that the judge was required to make more than a "passing reference" to the mere advisory nature of the guidelines. Appellant's argument is misguided. We have noted that a "misplaced hope for a lighter sentence is not ground for withdrawal of a

nolle prossed and withdrawn as a result of appellant's negotiated plea agreement. *See* certified docket transcript, 8/21/91, at 2.

plea". *Commonwealth v. O'Brien*, 273 Pa.Super. 198, 203, 417 A.2d 236, 239 (1979). We do not require that a defendant be pleased with the outcome of his decision to plead guilty. We require that a guilty plea be knowing, intelligent and voluntary. We disagree with appellant's characterization of his guilty plea as anything less than knowing, intelligent and voluntary. To the contrary, the record reveals the care taken in the court's acceptance of appellant's guilty plea. The court informed appellant:

Q. When you plead guilty you give up all these rights I have just mentioned.[2] You give up your right to a trial and you admit that you committed the crimes in this case, the crime of rape and secondly, the crime of simple assault. Do you understand that that is the effect of what you are doing here right now?

A. Yes, sir, your Honor.

Regarding the charge of rape, the following exchange occurred:

Q. It is an offense which is a felony of the first degree. It carries a possible prison sentence of up to 20 years in jail and a fine of up to $25,000.00. Do you understand that, sir?

A. Yes, sir, your Honor.

The court also advised appellant of the simple assault charge:

Q. ... Simple assault is a misdemeanor of the second degree and it carries a possible penalty of up to 2 years in jail and a $5,000.00 fine. Do you understand that, sir?

A. Yes, sir, your Honor.

2. The court previously elaborated for appellant the following rights: that appellant was presumed innocent; that the Commonwealth was required to prove guilt beyond a reasonable doubt; the right to a trial by jury; the requirement of a unanimous jury verdict for a conviction; that appellant would be present at trial, and that he would have the opportunity for cross-examination of witnesses; and, the right to remain silent, the exercise of which could not be used against him. N.T., 3/22/91, at 3–4.

Notes of testimony [N.T.], 3/22/91, at 6–7. In addition, the court advised appellant specifically about the court's discretion in sentencing:

Q. The sentences that I have just described can be served consecutively. It is within the discretion of the court to impose consecutive sentences for these offenses. Do you understand? I'm not saying I will do it but I can do it under the law.

A. I don't understand, your Honor.

Q. Well, I can impose a sentence for rape and another sentence for simple assault and make you serve one after the other or I can make you serve them both at the same time. [T]hat is called concurrent. Do you understand that, sir?

A. Yes, sir, your Honor.

Q. All right. I haven't decided what I'm going to do. I'm telling you ... that I can do that. Is that clear, sir?

A. Yes, sir. [A]ll right.

*Id.* at 7–8. Further, appellant was informed as follows:

Q. Has anybody promised you anything to get you to plead guilty?

A. No, sir, your Honor.

Q. Nobody has promised you what the sentence will be, have they?

A. No, sir.

Q. The reason they cannot do that is because the sentence is strictly up to me. I haven't decided what the sentence will be and I have made no commitment to anybody about how I'm going to sentence in this case. Is that clear, sir?

A. Yes, sir, your Honor.

*Id.* at 11.

 Contrary to appellant's assertion, the record reveals that appellant was aware of a possible twenty-two years imprisonment. More importantly, the guilty plea colloquy ably conducted by Judge Freedberg illustrates that appellant was fully aware of the implications of his decision

to tender a plea. It was not error to deny appellant's motion to withdraw it. We have held that a defendant will be permitted to withdraw a guilty plea only if he is able to show prejudice which results in a manifest injustice to the defendant. *Commonwealth v. Vance,* 376 Pa.Super. 493, 546 A.2d 632 (1988). To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Fenton,* 388 Pa.Super. 538, 566 A.2d 260 (1989). In the instant case, appellant fails to demonstrate that he has suffered any prejudice which could even remotely be characterized as a manifest injustice. As demonstrated by the hearing excerpt set forth above, appellant's plea was entered voluntarily and with full knowledge of the charges and the consequences of his decision. Appellant's first argument fails.

Appellant's second assertion of error is that his sentence is illegal. Appellant theorizes that the simple assault charge merges with the rape charge, and that it was error to sentence for both crimes. We disagree. Under the circumstances of the instant case, the simple assault and rape charges do not merge because there are separate factual predicates for each offense. The simple assault in this case is a separate crime because it occurred after, not in the course of the rape, and involves a separate set of actions accomplished outside of the rape.

Our Supreme Court has held that offenses merge where the elements of one offense are identical to and capable of being wholly contained within the elements of the other offense, and where the factual predicate for the lesser included offense is part of the factual predicate required to establish the greater offense. *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989). Clearly, the factual predicate for simple assault is not part of the rape in the instant case. When appellant bound the victim's hands and feet together and pushed her over an embankment, the rape was already completed. The simple assault was not an essential part of the crime of rape; it was a

separate crime for which a separate charge and sentence were properly imposed. *See also Commonwealth v. Dotter*, 403 Pa.Super. 507, 589 A.2d 726 (1991) (panel held that charges for aggravated assault and rape did not merge, because assault occurred after rape was completed). Accordingly, appellant's second assertion of error cannot succeed.

 Third and fourth, appellant requests our review of the discretionary aspects of his sentence. More specifically, appellant's third allegation of error is that the court erred because it sentenced appellant without sufficient basis or foundation.[3] Appellant's fourth argument is that his sentence is excessive. We reiterate that we are not compelled to address every question set before this Court regarding discretionary aspects of sentencing. Rather,

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 1410, *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975); *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987) (*en banc*); *Commonwealth v. Duffy*, 341 Pa.Super. 217, 491 A.2d 230 (1985); (3) whether appellant's brief has a fatal defect, *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), Pa.R.A.P. 2119(f); *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989); *Commonwealth v. Ziegler*, 379 Pa.Super. 515, 550 A.2d 567 (1988), *Krum, supra;* and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). We are inclined to find the presence of a substantial question where appellant advances a colorable

3. Although appellant lists his third argument separately in the statement of questions involved, he addresses the third and fourth arguments together under roman numeral three in his brief. *See* brief for appellant at 13–14.

argument that the trial judge's actions were either inconsistent with the specific provisions of the Sentencing Code, or contrary to the norms which underlie the sentencing process. *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115 (1987). *See also Commonwealth v. Felix,* 372 Pa.Super. 145, 539 A.2d 371 (1988).

*Commonwealth v. Zelinski,* 392 Pa.Super. 489, 499–500, 573 A.2d 569, 574 (1990).

 In addition, sentencing is within the sound discretion of the trial court, whose judgment will not be disturbed absent a manifest abuse of discretion. An abuse of discretion is demonstrated by a sentence that either exceeds the statutory limits or is patently excessive. *Commonwealth v. Brown,* 400 Pa.Super. 316, 583 A.2d 805 (1990). As we noted in *Brown,* we must accord great weight to a sentencing court because it is in the best position to view a defendant's character, display of remorse, indifference, and the general nature of the crime. *Brown,* 400 Pa.Superior Ct. at 331, 583 A.2d at 812–813.

 In the instant case, appellant has filed a timely notice of appeal (docket entry number 18, dated July 12, 1991), and a motion for reconsideration of sentence (docket entry number 12, dated June 24, 1991). Thus, he satisfies the the first two prongs of the test set forth in *Zelinski, supra.* Appellant, however, fails the next element. The brief for appellant does not contain a "Statement of Reasons Relied Upon for Allowance of Appeal," in compliance with Pa.R.A.P. 2119(f). Ordinarily, we would find appellant's discretionary sentencing arguments to be waived. In this case, however, the Commonwealth has failed to object to this defect and we are not precluded from reviewing appellant's claim. *See Commonwealth v. Penrod,* 396 Pa.Super. 221, 578 A.2d 486 (1990) (panel elected to waive defect of failure to include a Statement of Reasons Relied Upon for Allowance of Appeal with respect to discretionary aspects of sentencing; Commonwealth had not objected to absence of this statement). The fourth prong in *Zelinski, supra,* is that appellant's arguments must constitute sub-

stantial questions under the Sentencing Code. We find that they do not. In the interest of finality, however, we will address the substance of appellant's third and fourth arguments.

 The sentencing judge's non-compliance with the sentencing guidelines is the basis of appellant's third argument. Our Supreme Court has held that where (as here) [4] a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character as well as any mitigating statutory factors. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). Furthermore, a sentencing judge is not required in every case to sentence within the sentencing guidelines. Rather, the guidelines are *advisory*. *See* 42 Pa.C.S.A. § 9721; *see also Commonwealth v. Frazier*, 347 Pa.Super. 64, 500 A.2d 158 (1985). In sentencing, the court is guided by the general principle that the sentence imposed should be the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b). *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990). However, if a sentencing judge elects to sentence outside of the guideline ranges, he or she is required to set forth on the record the reasons for so doing. *Id.*, 395 Pa.Superior Ct. at 558, 577 A.2d at 930.

 Appellant's characterization of the sentence as ill-supported is flatly contradicted by the record. The sentencing judge postponed sentencing until he received and read the pre-sentence report. N.T., 3/22/91, at 13. At the time of sentencing, the court stated the following:

[I]n sentencing you I'm required to balance the positives and the negatives, and I'm prepared to do that. I look not only at the nature of the offense, but also at your background and your penalty in deciding what's appropriate.

4. The record contains a comprehensive pre-sentence investigation regarding appellant. *See* docket entry number 10, dated May 2, 1991.

I have to consider the circumstances revealed by the plea, the circumstances of the case, as well as your character. And I'll tell you quite frankly, sir, that in your case the negatives are very apparent. The positives are virtually not existent.

I am particularly concerned in this case, Mr. Martin, because of the prior sexual offense and your record of the prior rape. You raped again less than one month after your release. You attempted injury to the victim, tying her up and throwing her into a stream. It came in as a simple assault rather than an aggravated assault as a result of a negotiated plea. [Q]uite clearly there was an intent to do serious harm to the victim here.

There is no evidence of remorse displayed by you in this matter, and another negative, quite frankly, is that a knife was used here. . . . I can't find any positives in the picture here.

He's quite clearly a dangerous offender, dangerous to the community. He raped again within a month after he g[ot] out of a program designed to deal with sexual offenders.

\* \* \* \* \* \*

I believe, sir, that you are a dangerous offender. I think that for the protection of the public, it's essential that you be isolated from the public.

\* \* \* \* \* \*

This is one of those cases where the circumstances require isolation for an extended period of time. I have balanced all the equities in this matter and I've outlined them in my colloquy here today. I'm not sentencing merely because of the crime, I'm sentencing given the personality and background of the Defendant as well as in light of those factors.

I have determined that this is a case where it is appropriate to go outside of the guidelines . . .

N.T., 6/14/91, at 6–7, 11.

We find that the excerpt of the sentencing hearing, as set forth above, fully satisfies the requirements for deviating

from the sentencing guidelines. The sentencing judge stated on the record that appellant had proved to be unremorseful, violent, and a repeat offender from whom the public should be protected. We will not disturb the sentencing court's finding. Appellant's third allegation of error cannot succeed.

■■■ We have held that a claim of excessiveness, such as the one presented in appellant's fourth argument, does not constitute a substantial question when the sentence in question is within the statutory limits. *Commonwealth v. Dungan*, 372 Pa.Super. 323, 539 A.2d 817 (1988); *Commonwealth v. Lott*, 398 Pa.Super. 573, 581 A.2d 612 (1990); *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990). "Statutory limit" is defined as the longest minimum sentence provided by law. *See* 42 Pa.C.S.A. § 9721.

■■■ In the case at bar, the longest minimum sentence that appellant could serve for rape, a felony of the first degree, is ten years. *See* 18 Pa.C.S.A. § 106(b)(2). The longest sentence that appellant could serve for simple assault, a misdemeanor of the second degree, is two years. *See* 18 Pa.C.S.A. § 106(b)(7). Therefore, the longest minimum sentence that appellant could serve according to the statutory limits is twelve years. The longest minimum sentence that appellant will serve, according to the sentencing judge's recommended period of confinement, is eleven years. *See* N.T., sentencing hearing, 6/14/91, at 12.[5] Therefore, the sentence in question in the case at bar is within the statutory limits; it is accordingly not a substantial question which we are compelled to review any further. Appellant's fourth assertion of error will not afford him relief.

For all of the foregoing reasons, the judgment of sentence is affirmed. Order affirmed.

**5.** The sentencing judge stated: "[on the charge of rape,] I sentence him to a term of not less than ten years nor more than twenty years. On the charge of simple assault, I sentence him to not less than one year nor more than two years to be served consecutively to the sentence on the rape charge." N.T., 6/14/91, at 12.