631 A.2d 1329

**COMMONWEALTH of Pennsylvania**

v.

**John Wayne HUCKLEBERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 6, 1993.

Filed Aug. 31, 1993.

148

David P. Traux, Meadville, for appellant.

Mark D. Waitlevertch, Asst. Dist. Atty., Meadville, for Com., appellee.

Before CIRILLO, OLSZEWSKI and BROSKY, JJ.

**BROSKY, Judge.**

This is an appeal from the judgment of sentence entered following acceptance of appellant's pleas of guilt to the crimes of involuntary manslaughter [1] and driving while under the influence. [2]

Appellant presents three issues for our review: (1) whether the sentencing court erred in failing to place adequate reasons on the record regarding imposition of sentence within the aggravated range of the Sentencing Guidelines; (2) whether appellant's convictions for involuntary manslaughter and driving while under the influence merge for sentencing purposes; and (3) whether appellant's sentence was excessive. For the reasons set forth below, we vacate the judgment of sentence imposed on the DUI conviction arising out of the August, 1991 accident and affirm the judgment of sentence imposed with regard to the other convictions.

Before addressing appellant's claims, it is necessary to recount the relevant facts and history of this case. Appellant, John Huckleberry, was operating his vehicle in the early morning hours of August 13, 1991. Appellant was accompanied by his friend, Randall Vanderhoff. Both appellant and Mr. Vanderhoff had consumed approximately twelve beers each during the course of their ride and both were intoxicated. [3] Appellant was driving at an excessive rate of speed and caused his vehicle to exit the highway. Appellant's vehicle struck a mailbox, was then airborne for a distance of thirty-two feet and finally struck a tree, the impact of which caused Mr. Vanderhoff to be ejected from the vehicle. By the time it came to a rest, appellant's car flipped over onto Mr. Vanderhoff. Mr. Vanderhoff died as a result of the injuries sustained in the accident. Appellant also suffered severe injuries in the crash. Various charges were thereafter instituted against appellant.

1. 18 Pa.C.S.A. § 2504(a).

2. 75 Pa.C.S.A. § 3731(a)(1).

3. Subsequent blood-alcohol testing revealed that both appellant and Mr. Vanderhoff had blood-alcohol levels of .16% several hours after the accident.

While these charges were pending, appellant was involved in a second accident on May 25, 1992. Appellant had consumed approximately seven cans of beer[4] and was driving at an excessive speed when his vehicle left the highway, traveled onto the berm and apparently crashed. Appellant was ejected from the vehicle and again sustained serious injuries. Appellant was subsequently charged with various offenses arising out of this second incident.

Appellant entered into a plea agreement pursuant to which he would enter pleas of guilty to one count of involuntary manslaughter and two counts of driving while under the influence in exchange for the prosecutor's agreement to nol pros all remaining charges. Appellant's pleas were accepted by the court on September 18, 1992. Appellant was sentenced on October 27, 1992. With regard to the August incident, appellant received a sentence of one and one-half (1½) to four (4) years' imprisonment for his involuntary manslaughter conviction. Appellant also received a concurrent sentence of thirty (30) days to twelve (12) months for his DUI conviction. A sentence of one (1) to (2) years was further imposed with respect to appellant's DUI conviction arising out of the May accident. This sentence was directed to run consecutively to appellant's other sentences. Appellant thus received an aggregate sentence of two and one-half (2½) to six (6) years. Appellant filed a timely motion for reconsideration of sentence which was denied by the lower court. Appellant subsequently initiated this timely appeal.

We initially observe that appellant's first and third issues present a challenge to the discretionary aspects of sentence. Before we may proceed to consider the merits of such claims, appellant must demonstrate that there is a substantial question that his sentence is inappropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). In furtherance of this requirement, appellant must include in his brief a concise statement of the reasons relied upon for allowance of the appeal. *See* Pa.R.A.P., Rule 2119(f) and *Commonwealth v.*

4. Subsequent blood-alcohol testing revealed appellant's blood-alcohol level to be .21%.

*Tuladziecki,* 513 Pa. 508, 511–513, 522 A.2d 17, 19 (1987). Although the table of contents makes reference to a statement of reasons relied upon for allowance of appeal, no such statement appears anywhere within appellant's brief. Appellant therefore has not complied with the directives of Rule 2119(f) and *Commonwealth v. Tuladziecki.* Because the Commonwealth has specifically objected to appellant's omission, we are precluded from addressing the merits of appellant's first and third claims.[5] *Commonwealth v. Miller,* 414 Pa.Super. 56, 65–

**5.** Even were we to excuse appellant's failure to file a Rule 2119(f) statement and further assume that appellant has presented a substantial question for review, he would not be entitled to any relief. Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. *Commonwealth v. Clever,* 395 Pa.Super. 192, 195, 576 A.2d 1108, 1110 (1990). *Accord Commonwealth v. Martin,* 416 Pa.Super. 507, 516, 611 A.2d 731, 735 (1992) and *Commonwealth v. Wright,* 411 Pa.Super. 111, 114, 600 A.2d 1289, 1291 (1991). Moreover, where a pre-sentence investigation report exists, it is presumed that the sentencing court considered all relevant factors and weighed those factors in a meaningful fashion. *See Commonwealth v. Devers,* 519 Pa. 88, 102, 546 A.2d 12, 18 (1988).

The sentencing court did not improperly rely upon factors that had been incorporated into the Sentencing Guidelines in imposing sentence within the aggravated range for appellant's involuntary manslaughter conviction. *See* Order of Sentence, dated 10/27/92 at 2–3; Pennsylvania Commission on Sentencing Guideline Sentence Form, dated 10/28/92; Trial Court Opinion, filed 1/21/93, at 4–5 (providing that aggravated sentence was imposed because appellant had prior alcohol-related convictions which were not taken into account by the sentencing guidelines; appellant had an alcohol problem; appellant's conduct in abusing alcohol and reckless driving indicates that he is a danger to society; prior probationary efforts had failed to rehabilitate appellant; and a lesser sentence would be inappropriate and depreciate the seriousness of the offense). The sentencing court likewise did not erroneously utilize the DUI conviction arising out of the August, 1991 accident to classify appellant as a second DUI offender with respect to the DUI conviction resulting from the May, 1992 accident. *See* Pennsylvania Commission on Sentencing Guideline Sentence Form, dated 10/28/92; Trial Court Opinion, filed 1/21/93, at 4 (indicating that appellant was a second offender for purposes of application of the DUI penalties because appellant had a prior DUI-related ARD disposition which occurred within seven years of the May conviction, *i.e.,* in December, 1985); 75 Pa.C.S.A. § 3731(e)(1)(ii) (imposing a mandatory minimum sentence of 30 days if the defendant has previously accepted ARD based on an offense under this section within the previous seven years) and § 3731(e)(2) (providing that acceptance of ARD for a charge brought under this section shall be considered a first conviction for the

66, 606 A.2d 495, 499 (1992), *allocatur denied,* 531 Pa. 639, 611 A.2d 711 (1992); *Commonwealth v. Servich,* 412 Pa.Super. 120, 133, 602 A.2d 1338, 1345 (1992); *allocatur denied,* 531 Pa. 646, 612 A.2d 984 (1992). *Accord Commonwealth v. Martin,* 416 Pa.Super. 507, 516, 611 A.2d 731, 735 (1992).

■ Appellant's second allegation of error requires us to ascertain whether the convictions arising out of the August, 1991 accident should have been merged for sentencing purposes. Questions of merger relate to the legality of sentence. *Commonwealth v. Servich,* 412 Pa.Super. at 133, 602 A.2d at 1345. The requirements of *Commonwealth v. Tuladziecki* and Rule 2119(f) do not apply to legality of sentencing issues. *Id.* *See also* 42 Pa.C.S.A. § 9781(a) (the defendant may appeal as of right the legality of the sentence). Consequently, we may proceed to consider the merits of appellant's merger claim.

■ Appellant argues that his convictions for DUI and involuntary manslaughter arising out of the August accident merged for sentencing purposes. Appellant does not refer us to any relevant authority in support of his claim.[6] Our own review of the pertinent decisional law nevertheless persuades us that the convictions merge.

■ The law regarding the merger of offenses has been explicated by our Supreme Court in *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989) and *Commonwealth v.*

purpose of computing whether a subsequent conviction shall be considered a second, third, fourth or subsequent conviction). Finally, the sentencing court did not abuse its discretion by imposing a manifestly excessive sentence with respect to the May, 1992 DUI conviction. *See* Order of Sentence, dated 10/27/92 at 2–3. *See* Transcript of Court's Statement at Conclusion of Sentencing, 10/27/92, at 3–4 and Trial Court Opinion, filed. 1/21/93 at 5 (explaining that maximum sentence was imposed because of appellant's prior DUI-related convictions and egregious conduct in continuing to abuse alcohol and drive recklessly despite the prior accident in which appellant was severely injured and his friend was killed). Appellant's sentencing claims thus do not warrant the grant of any relief.

6. Appellee has likewise failed to provide us with a discussion of or citations to any pertinent authority. Rather, appellee concedes that the convictions merge.

*Leon Williams,* 521 Pa. 556, 559 A.2d 25 (1989).[7] Pursuant to these decisions, "where the same facts are used to support convictions for crimes having different elements, the crimes do not merge for sentencing purposes, unless the same facts support convictions of lesser included offenses." *Commonwealth v. Weakland,* 521 Pa. at 363, 555 A.2d at 1233, *citing Commonwealth v. Leon Williams.* "A lesser included offense is a crime the elements of which are a necessary subcomponent but not a sufficient component of elements of another crime, the greater offense." *Commonwealth v. Leon Williams,* 521 Pa. at 561 n. 2, 559 A.2d at 27–28 n. 2. Thus, "if a person commits one act of criminal violence, and that act is the only basis upon which he may be convicted of another crime, the act will merge into the other crime." *Commonwealth v. Weakland,* 521 Pa. at 364, 555 A.2d at 1233. "If, however, the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes." *Id.* We must therefore analyze the elements of each offense to ascertain whether the crime of DUI is a lesser included offense of the crime of involuntary manslaughter.

A person is guilty of involuntary manslaughter "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S.A. § 2504(a). By way of comparison, an individual commits the crime of driving while under the influence of alcohol where it is established that he drove, operated or was in actual physical control of the movement of

7. Although the Supreme Court revisited the issue in *Commonwealth v. Burkhardt,* 526 Pa. 341, 586 A.2d 375 (1992), the test enunciated by Justice McDermott was joined only by Justice Larsen. Justice Flaherty, who authored *Weakland* and *Williams,* commanded a majority of the votes as his concurrence was joined by Chief Justice Nix and Justice Cappy. *Id.,* 526 Pa. at 347, 350, 586 A.2d at 378–379. Justices Zappala and Papadakos concurred in the result. *Id. Burkhardt* thus is a plurality decision which has no precedential effect. *Commonwealth v. Anderson,* 416 Pa.Super. 203, 217–218 n. 8, 610 A.2d 1042, 1048 n. 8 (1992) (*en banc*); *Commonwealth v. Brown,* 415 Pa.Super. 534, 540–541, 609 A.2d 1352, 1356 (1992).

his vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving. *See* 75 Pa. C.S.A. § 3731(a)(1). Although the appellate courts have not considered the precise question of whether the crimes of involuntary manslaughter and driving while under the influence of alcohol merge, it has been recognized that the crimes of involuntary manslaughter and homicide by vehicle while driving under the influence merge for sentencing purposes. *See Commonwealth v. Kozrad,* 346 Pa.Super. 470, 473, 499 A.2d 1096, 1098 (1985). This court has further held that the crimes of driving while under the influence of alcohol and homicide by vehicle while DUI merge for sentencing. *See, e.g., Commonwealth v. Nicotra,* 425 Pa.Super. 600, 612–613, 625 A.2d 1259, 1265–1266 (1993); *Commonwealth v. Carbaugh,* 423 Pa.Super. 178, 181, 620 A.2d 1169, 1171 (1993); *Commonwealth v. Voshall,* 387 Pa.Super. 47, 52–53, 563 A.2d 936, 938–939 (1989), *affirmed,* 529 Pa. 571, 605 A.2d 1222 (1992).

Comparison of the elements of the offenses persuades us that, under the circumstances presented here, the crimes of involuntary manslaughter and driving while under the influence of alcohol to a degree which rendered appellant incapable of driving safely merge for sentencing purposes. To be guilty of involuntary manslaughter, the Commonwealth was required to demonstrate that appellant caused the death of another as a direct result of his performance of an unlawful act in a reckless and grossly negligent manner. 18 Pa.C.S.A. § 2504(a), *supra.* In this case, the unlawful act forming the basis of appellant's involuntary manslaughter conviction was that appellant violated 75 Pa.C.S.A. § 3731(a) by driving his vehicle at an excessive rate of speed while under the influence of alcohol to a degree which rendered him incapable of driving safely. Appellant's DUI conviction was premised on this same conduct, *i.e.,* driving his vehicle while under the influence of alcohol to a degree which rendered him incapable of driving safely as evidenced by his excessive speed and the accident. When viewed in this context, the elements of the crime of DUI thus are a necessary but not sufficient subcomponent of the

elements of the greater offense of involuntary manslaughter. *See Commonwealth v. Leon Williams, supra* and *Commonwealth v. Kozrad*, 346 Pa.Super. at 473, 499 A.2d at 1098 (essential elements of crime of involuntary manslaughter established essential elements of homicide by vehicle while DUI where the act giving rise to the charge of involuntary manslaughter was a violation of § 3731). Because the same facts support convictions for a lesser included offense, the trial court erred in failing to merge appellant's convictions for sentencing purposes. Appellant therefore cannot be sentenced with respect to his DUI conviction because it carries a lesser maximum penalty than the conviction for involuntary manslaughter. *See Commonwealth v. Kozrad*, 346 Pa.Super. at 474, 499 A.2d at 1099 (when crimes merge for sentencing purposes, the defendant may only be sentenced for the most serious crime, *i.e.*, the one which carries the greatest maximum penalty); 18 Pa.C.S.A. § 2504(b) (grading crime of involuntary manslaughter as a misdemeanor of the first degree); 75 Pa.C.S.A. § 3731(e)(1) (classifying a violation of § 3731 as a misdemeanor of the second degree); 18 Pa.C.S.A. § 1104 (a maximum penalty of five years' imprisonment may be imposed for a misdemeanor of the first degree, but a maximum penalty of two years can only be imposed for a misdemeanor of the second degree).

Where it is determined that a sentence is illegal, we may remand for resentencing or vacate and amend the invalid sentence directly. *Commonwealth v. Kozrad*, 346 Pa.Super. at 474, 499 A.2d at 1099; *Commonwealth v. Alarie*, 378 Pa.Super. 11, 19, 547 A.2d 1252, 1256 (1988), *allocatur denied*, 521 Pa. 616, 557 A.2d 720 (1989). In light of the circumstances in this case, we vacate the judgment of sentence imposed with respect to appellant's DUI conviction arising out of the August, 1991 accident. The judgment of sentence for involuntary manslaughter and the judgment of sentence regarding the DUI conviction arising out of the May, 1992 incident is affirmed.[8]

8. Because the sentence for the August DUI conviction was directed to run concurrently with the sentence imposed for the involuntary man-

Judgment of sentence for August, 1991 DUI conviction vacated. Judgment of sentence for August, 1991 involuntary manslaughter conviction affirmed. Judgment of sentence for May, 1992 DUI conviction affirmed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

Because I believe that the offense of driving under the influence of alcohol ["DUI"] does not merge with the crime of involuntary manslaughter, I must, most respectfully, dissent. While it is clear that DUI and homicide by vehicle merge for purposes of sentencing, *Commonwealth v. Nicotra,* 425 Pa.Super. 600, 625 A.2d 1259 (1993) and *Commonwealth v. Voshall,* 387 Pa.Super. 47, 563 A.2d 936 (1989), it simply does not follow that DUI merges with involuntary manslaughter.

According to the merger doctrine enunciated by the Pennsylvania Supreme Court,

> if a person commits one act of criminal violence, and that act is the *only basis* upon which he may be convicted of another crime, the act will merge into the other crime. If however, the actor commits multiple criminal acts beyond that which is *necessary to establish the bare elements* of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

*Commonwealth v. Weakland,* 521 Pa. 353, 364, 555 A.2d 1228, 1233 (1989) (emphasis added). Additionally, "where the same facts are used to support convictions for crimes having different elements, the crimes do not merge for sentencing purposes unless the same facts support convictions of lesser included offenses." *Id.* at 363, 555 A.2d at 1233. "A lesser included offense is a crime the elements of which are a necessary subcomponent but not a sufficient component of the elements of another crime, the greater offense." *Commonwealth v. Leon Williams,* 521 Pa. 556, 561, 559 A.2d 25, 28 (1989).

slaughter conviction, appellant's aggregate term of imprisonment remains unaffected by our disposition.

Given this standard, I am not persuaded by my learned colleagues' conclusion that the elements of the crime of DUI are a "necessary" subcomponent of the elements of the greater offense of involuntary manslaughter. Appellant was convicted of § 3731(a)(1) which prohibits the operation of any vehicle while "under the influence of alcohol to a degree which renders the person incapable of safe driving." 75 Pa.C.S.A. § 3731. Proof of intoxication, a necessary element for conviction under § 3731, is not required to establish the bare elements of involuntary manslaughter.

Involuntary manslaughter is defined as a death resulting from "the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner." 18 Pa.C.S.A. § 2504. Involuntary manslaughter depends upon reckless or grossly negligent conduct, not necessarily the commission of an unlawful act. *See, e.g., Commonwealth v. Feinberg,* 433 Pa. 558, 253 A.2d 636 (1969) (store owner who sold canned heat containing methanol to customers known to be alcoholics and known to drink canned heat was guilty of involuntary manslaughter); *Commonwealth v. Setsodi,* 303 Pa.Super. 482, 450 A.2d 29 (1982) (driver's conduct in failing to keep eyes on road at time of accident with motorcyclist may have constituted criminal negligence or recklessness for purposes of establishing prima facie case of involuntary manslaughter).

Here, appellant's act of driving at an excessive rate of speed as he exited the highway alone indicates the reckless and grossly negligent conduct essential for culpability under § 2504. *See, e.g., Commonwealth v. Hicks,* 203 Pa.Super. 307, 201 A.2d 294 (1964) (reckless driving upon highway is such departure from prudent conduct as to evidence culpability for involuntary manslaughter). In comparison, the act of driving under the influence is the only basis upon which a defendant may be found guilty of the crime of homicide by vehicle while driving under the influence. *Commonwealth v. Voshall, supra* (merger appropriate where appellant "did not commit any criminal acts beyond that which was necessary to establish the

bare elements of homicide by vehicle while driving under the influence").

Although we are not bound by the relevant federal standard for merger in construing our state criminal statutes, *Commonwealth v. Burkhardt,* 526 Pa. 341, 586 A.2d 375 (1992), the test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) provides additional guidance. There, the Supreme Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. In this case, proof of the greater offense of involuntary manslaughter does not require proof of intoxication, a necessary element for conviction under § 3731(a). Accordingly, I am not persuaded that merger occurred and would affirm the judgment of sentence.