J-S25043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :

           v.                                    :
                                           :

RYAN DENNIS                          :
                                           :

           Appellant                :       No. 2943 EDA 2022

Appeal from the Judgment of Sentence Entered October 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003339-2021

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED OCTOBER 11, 2023**

Ryan Dennis (Appellant) appeals from the October 3, 2022, judgment of sentence[1] entered in the Philadelphia County Court of Common Pleas after a jury convicted him of one count of robbery (inflicts or threatens to inflict immediate bodily injury).[2] The court sentenced him to a term of 41 to 82 months' incarceration, followed by two years of probation. On appeal, Appellant argues that the trial court erred and abused its discretion by: (1)

---

[1] Appellant purports to appeal "from the Final Order of Defense Motion for Reconsideration of Sentence dated 11/22/2022[.]" **See** Notice of Appeal, 11/28/22. However, the appeal properly lies from the judgment of sentence imposed on October 3, 2022. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the caption accordingly.

[2] **See** 18 Pa.C.S. § 3701(a)(1)(iv).

failing to present a "**Spencer** Charge"[3] to the jury; and (2) imposing an "excessive sentence" by improperly using Appellant's juvenile adjudications in calculating his prior record score. Based on the following, we affirm.

## I.    Facts and Procedural History

Appellant's conviction stems from a robbery that took place on July 13, 2020, in Philadelphia, Pennsylvania. The trial court summarized the underlying facts as follows:

> [The victim,] Kaieem Webster[,] was driving his car down Pratt Street near Frankford Terminal in Philadelphia. At the time, Mr. Webster was 18 years old. With him in the passenger seat was his friend, Imani Green. As they continued down Pratt Street, Mr. Webster's car struck the open door of a car belonging to [Appellant]. After the collision, Mr. Webster pulled over and exited his car, and [Appellant] walked over to him.
>
> Initially, Mr. Webster and [Appellant] spoke amicably, and they agreed to exchange information and call the police. However, when [Appellant] realized that his car door was no longer able to close, Mr. Webster could see that [Appellant] had started to become angry. Mr. Webster tried to call 911, but [Appellant] smacked the phone out of Mr. Webster's hand. Mr. Webster and Ms. Green tried to pick up the phone from the ground, but [Appellant] grabbed their hands and said, "Don't call the cops." [Appellant] then picked up Mr. Webster's phone and put it [in his] pocket.
>
> [Appellant] next demanded that Mr. Webster go withdraw $3,000 from an [automated teller machine (ATM)] in a nearby convenience store as compensation for the damage to [Appellant]'s car. [Appellant] pushed Mr. Webster towards the store. A group of men also gathered around the area, and

---

[3] **See Commonwealth v. Spencer**, 275 A.2d 299 (Pa. 1971) (instructions given to a deadlocked jury).

[Appellant] began threatening Mr. Webster, telling him that the men were going to send Mr. Webster to the hospital.

Mr. Webster proceeded into the store, and the group of men followed him in while [Appellant] stayed outside. The ATM's withdrawal limit was $100, and Mr. Webster began withdrawing funds as the men yelled at him to give money to [Appellant]. Men from the group grabbed the first $200 withdrawn by Mr. Webster as he stood at the ATM. Soon after, [Appellant] entered the store and began yelling that Mr. Webster gave away [Appellant]'s money. Mr. Webster attempted to take out another $100, but the ATM indicated that the machine's withdrawal limit had been reached. At that point, [Appellant] held Mr. Webster up against a wall, yelled at him about the money, and pulled out a knife. [Appellant] stated that they should go to a Wawa convenience store to continue withdrawing funds from Mr. Webster's account.

[Appellant] then escorted Mr. Webster back out to the street, and Mr. Webster eventually got back into the driver's seat of his car. Ms. Green was still in the passenger seat, and an unknown man was sitting in the back. When the unknown man exited, Mr. Webster took the opportunity to lock the doors. [Appellant] began trying to open the locked driver's side door, but Mr. Webster started the car and fled the area. Mr. Webster stopped when he saw a police car, and he then explained what had happened to Officer Joseph Nocito. Officer Nocito later confronted [Appellant], recovered [Appellant]'s knife, and after gathering more information about the incident, arrested [Appellant]. Although [Appellant] had denied having Mr. Webster's phone, Officer Nocito recovered the phone from [Appellant]'s pocket in a search incident to arrest.

Trial Ct. Op., 1/26/23, at 2-3 (record citations omitted).

Appellant was charged with robbery, attempted kidnapping, conspiracy to commit robbery and/or kidnapping, possessing a criminal instrument, terroristic threats, and false imprisonment.[4] The matter proceeded to two-

---

[4] **See** 18 Pa.C.S. §§ 2901, 903, 907, 2706, and 2903, respectively.

day jury trial that began on July 21, 2022. The jury found Appellant guilty of robbery and not guilty as to the remaining charges. On October 3, 2022, the court sentenced Appellant to a term of 41 to 82 months' incarceration, followed by two years of probation. Appellant filed a timely post-sentence motion for reconsideration of sentence, which was denied by the trial court on November 22, 2022. This timely appeal followed.[5]

## II.    Statement of Questions Involved

[1.] Whether the [trial c]ourt should have presented a "**Spencer** charge" to the jury rather than state that they will come back on the following Monday if [they were] not able to reach a verdict?

[2.] Whether the trial court erred by imposing an "excessive sentence" violating the Pennsylvania Sentencing Code[6] . . . by not following the general principle that the sentence imposed should call for 1) confinement consistent with the protection of the public, 2) the gravity of the offense as it relates to the impact on the life of the victim; and 3) the rehabilitative needs of the [Appellant], and amounted to a[n] abuse of discretion.

Appellant's Brief at 3 (citations & emphasis omitted).

## III.  *Spencer* Charge

Appellant first argues the trial court abused its discretion by failing to present a "**Spencer** Charge" to the jury. **See** Appellant's Brief at 6. A **Spencer** charge is an instruction "to a deadlocked jury to continue to

---

[5] Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion on January 26, 2023.

[6] **See** 42 Pa.C.S. § 9701 *et. seq.*

deliberate, with an open mind to reconsideration of views, without giving up firmly held convictions[.]" ***Commonwealth v. Greer***, 951 A.2d 346, 348 (Pa. 2008).[7]

_____

[7] The ***Spencer*** Court cited with approval the American Bar Association (ABA) guidelines governing a jury deadlock.  The ABA guidelines provide:

> STANDARD 15-5.4 LENGTH OF DELIBERATIONS; DEADLOCKED JURY
>
> (a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
>
>> (1) that in order to return a verdict, each juror must agree thereto;
>>
>> (2) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
>>
>> (3) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;
>>
>> (4) that in the course of deliberations, a juror should not hesitate to re-examine his own views and change his opinion if convinced it is erroneous; and
>>
>> (5) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.
>
> (b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a).  The court shall not require or

*(Footnote Continued Next Page)*

By way of background, the following exchange took place at Appellant's trial. After four-and-a-half hours of deliberation, the jury sent a note to the court stating it was "hung on all counts." N.T. 7/22/22, at 86. Upon learning that the jury was deadlocked, the trial court stated to the parties:

> It is now 3:30 p.m. It seems to me that although the trial wasn't long, the jury has not been deliberating very long either. And it's my inclination to simply instruct them to continue their deliberations at this time without . . . giving them a *Spencer* charge. That may be appropriate at some point. But my inclination at this point, at least, is to simply say that they received the case late this morning. And I'm going to direct [the jury] to just continue [their] deliberations to see if [they] can work together to reach a unanimous verdict.
>
> Would counsel like to be heard on that?

*Id.*

Appellant's counsel responded:

> Yes, I believe that since they started at 11:00 [a.m.] and now it's 3:30 [p.m.], that would be at least four hours . . . approximately. So, a *Spencer* would kick in . . . around seven hours if my understanding is correct, your honor. So, I defer to the court at this time. . . . Or we come back on Monday for a *Spencer* charge.

---

> threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.
>
> (c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement.
>
> ABA Standards for Criminal Justice 15-5.4[.]

*Commonwealth v. Marion*, 981 A.2d 230, 235-36 (Pa. Super. 2009) (emphasis omitted).

N.T. 7/22/22, at 86-87. The trial court stated:

> I don't intend to keep the jury past 4:00 [p.m.] today. It's my intention to excuse them at 4:00 [p.m.] and have them return to continue their deliberations on Monday. Given that, I know they have potential travel issues and whatnot. It's still only 3:30 [p.m.] So I don't think I'm going to dismiss them quite yet. Let's say maybe around 4:10 [p.m.] we can all plan to be here. And if they don't have any verdict before then, we'll excuse them for the weekend and direct that they come back on Monday.
>
> Are all parties agreeable to that?

*Id.* at 87. Both Appellant's counsel and the Commonwealth responded in the affirmative. *Id.*

> The trial court then instructed the jury:

> So the case was submitted to you to begin your deliberations late this morning. And at this time I'm simply going to direct you to continue your deliberations. Continue discussing the case and deliberating. And I know that it's about 3:35 [p.m.] I don't intend to keep you past about 4:10 [p.m.] today.
>
> We will continue your deliberations. We would continue them on Monday morning at 9:15 [a.m.] But before we reach that point, I'll bring you back here. My intent is to bring you back here at about 4:10 [p.m.] . . . But for now I'm simply going to direct you to continue your deliberations.

N.T. 7/22/22, at 88-89. Defense counsel did not object to the trial court's instruction. Upon reconvening, the jury reached a verdict of guilty only on the count of robbery later that afternoon. *Id.* at 89.

> Appellant now claims:

> In the instant case, the jury had been assembled to deliberate on a series of difficult and serious charges. The jury had not deliberated very long, not even five hours, before claiming deadlock. When the Court instructed the jury on a Friday afternoon that they would have to return on Monday unless they

returned a verdict, the Court's instruction was tantamount to coercion. No jury wants to retire for a weekend to return to Court on a Monday. Upon being told, on a Friday afternoon, that if they did not reach a verdict, they would have to return on Monday to continue deliberations, they rushed to a verdict so as to conclude the deliberations. Under the circumstances, the jury should have been given a **Spencer** Charge in accordance with ABA Trial by Jury Standard 15-5.4. The Court's failure to do so constituted an abuse of discretion.

Appellant's Brief at 8-9 (citation omitted).

Our standard of review regarding a jury instruction challenge is as follows:

We review jury charges, including supplemental jury charges, for an abuse of discretion. **Commonwealth v. Santiago**, 424 A.2d 870, 873 (Pa. 1981) ("Whether to give a **Spencer** charge is a matter for the exercise of the trial court's sound discretion."). Further, the question of the proper duration of jury deliberations is one that rests within the sound discretion of the trial court, whose decision will not be disturbed unless there is a showing that the court abused its discretion or that the jury's verdict was the product of coercion or fatigue. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The use of supplemental charges to the jury has long been sanctioned. Moreover, this Court in **Spencer** recognized that, "[d]eadlocked juries are a matter of concern to both the bench and the bar." [**Spencer**,] 275 A.2d at 304. On the other hand, **Spencer** also emphasized that a conviction will be reversed if it was coerced by the court's charge.

**Greer**, 951 A.2d at 354-55 (some citations & quotation marks omitted).

Moreover, we note "[t]he trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal."

- 8 -

*Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa. Super. 2006). Further, "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010). *See also Commonwealth v. Olsen*, 82 A.3d 1041, 1050 (Pa. Super. 2013).

Here, the trial court found that Appellant failed to properly preserve his claim, stating:

> [N]ot only did defense counsel fail to lodge an objection to the [trial c]ourt's decision to refrain from providing a *Spencer* charge to the jurors after less than five hours of deliberations, but defense counsel explicitly agreed with the [c]ourt's stated course of action and further suggested that the provision of a *Spencer* charge would be improper before the jury had been permitted to deliberate for at least seven hours. Defense counsel further failed to object after the [c]ourt finished instructing the jury with regard to the jury's note that it was deadlocked. Accordingly, the claim is waived.

Trial Ct. Op. at 5.

Appellant complains that his counsel "did raise the issue of and suggest a *Spencer* charge[, but counsel's] suggestion effectively [was] overruled [and he] had no choice except to go along with the [trial c]ourt's suggestion." Appellant's Brief at 7. A review of the record contradicts Appellant's assertion. Counsel for Appellant was not the first one to mention a *Spencer* charge; rather, it was the trial court that first raised the notion of a *Spencer* charge. *See* N.T., 7/22/22, at 86. Moreover, counsel did not request a *Spencer* charge be given and never expressly objected to the court's rationale for declining to provide a *Spencer* charge. Instead, counsel "defer[red]" to the

- 9 -

trial court on the proper timing of the charge and even stated they could "come back on Monday for a *Spencer* charge." *Id.* at 87. Furthermore, counsel never objected to the trial court's instruction to the jury to continue their deliberations. *Id.* at 88-89. As mentioned above, a failure to lodge a specific and timely objection a particular jury instruction results in waiver of that challenge on appeal. *See Moury*, 992 A.2d at 178. *See also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, Appellant's first issue is waived.[8]

## IV.    Discretionary Aspects of Sentencing

Appellant next argues the trial court imposed an "excessive sentence" by improperly using Appellant's juvenile adjudications when calculating his prior record score, thereby, violating the Pennsylvania Sentencing Code. *See*

---

[8] Even if Appellant had properly preserved the claim, he failed to demonstrate the trial court abused its discretion in declining to provide the charge. *See Greer*, 951 A.2d at 354. As the court properly pointed out:

> [T]he jury had been deliberating for only four and a half hours when it advised the [c]ourt for the first time in the middle of the afternoon that it was deadlocked. The [c]ourt's instruction to the jury to continue deliberating under these circumstances did not result in a verdict that was the product of coercion or an overworked jury.

Trial Ct. Op. at 6. Accordingly, Appellant's claim would be unavailing. *See Marion*, 981 A.2d at 236 ("Unless the record indicates that the verdict was reached because of the jurors' desire for rest and sleep or fatigue, this Court will not reverse a trial court's decision to extend jury deliberations." (citations omitted)).

Appellant's Brief at 9. Appellant's claim implicates the discretionary aspects of his sentence. *See Commonwealth v. Shreffler*, 249 A.3d 575, 583 (Pa. Super. 2021) (stating it is "well-settled that a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing" (citation omitted)).

Since Appellant presents a challenge to the discretionary aspects of his sentence, we note:

> An appeal raising the discretionary aspects of sentencing is not guaranteed as of right; rather, it is considered a petition for permission to appeal. In order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine:
>
> > (1) Whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Mulkin*, 228 A.3d 913, 916 (Pa. Super. 2020) (some citations omitted). While Appellant satisfied the first requirement — he filed a timely notice of appeal — we observe that several of the other prongs have not been met.

Regarding the second prong — whether the issue was properly preserved at sentencing or in a post-sentence motion — a review of the record reveals that he raises for the first time on appeal the question of whether the trial court erred by imposing an excessive sentence based on a miscalculated

prior record score. Although Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence, he asserted that his sentence should be reconsidered based on numerous mitigating factors, including, *inter alia*, that he is gainfully employed, cares for his mother, and has a son. **See** Appellant's Motion for Re-Consideration of Sentence, 10/10/22, at 3-4. He did not argue that his two juvenile adjudications should not have been factored into his prior record score as he does now on appeal. **See** Appellant's Brief at 9. "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a). Therefore, we conclude Appellant failed to properly preserve this claim based on waiver.

Additionally, with respect to the third prong, we are precluded from reaching the merits of Appellant's discretionary aspects of sentencing argument because he did not properly set forth a Pa.R.A.P. 2119(f) statement in his brief and the Commonwealth lodged an objection to the statement.

Rule 2119 provides, in relevant part:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. **The statement shall immediately precede the argument on the**

**merits with respect to the discretionary aspects of sentence.**

Pa.R.A.P. 2119(f) (emphasis added). Nevertheless, we are mindful that "[a] failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are **precluded** from **reaching the merits** of the claim when **the Commonwealth lodges an objection** to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006) (citation & quotation marks omitted; emphases added). *See also Commonwealth v. Farmer*, 758 A.2d 173, 182 (Pa. Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Rule 2119(f) statement and finding the issue to be waived).[9]

Here, Appellant included a statement resembling a Pa.R.A.P. 2119(f) statement in the table of contents section of his brief under the subheading, "Determination in Question." *See* Appellant's Brief, "Table of Contents." However, he failed to include a separate concise statement "immediately preced[ing] the argument" section. Pa.R.A.P. 2119(f).[10] The Commonwealth

---

[9] *Cf. Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P. 2119(f), this Court may entertain discretionary sentencing claim if Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

[10] *See Commonwealth v. Huckleberry*, 631 A.2d 1329, 1331 (Pa. Super. 1993) (concluding that although the table of contents referred to the Rule 2119(f) statement, the statement did not appear anywhere within defendant's
*(Footnote Continued Next Page)*

pointed out the omission and objected by stating that Appellant's claim is waived for failure to include a proper Rule 2119(f) statement. ***See*** Commonwealth's Brief at 10. We agree, and therefore, Appellant's discretionary aspects of sentencing issue would be waived for this reason as well. ***See Roser***, 914 A.2d at 457. Accordingly, we need not address it further.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023

---

brief, the Commonwealth objected, and therefore, the issue was waived because defendant had not complied the directives of Rule 2119(f)), *superseded by statute on other grounds* as stated in ***Commonwealth v. Allen***, 24 A.3d 158 (Pa. Super. 2011).