**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH E. SMITH, | |
| Appellant | No. 1229 MDA 2014 |

Appeal from the Judgment of Sentence June 23, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000647-2000
CP-36-CR-0000648-2000

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                 **FILED AUGUST 25, 2015**

Ralph E. Smith appeals from the judgment of sentence of three and one-half to seven years incarceration that was imposed after he violated a technical condition of his probation.  We affirm.

This appeal stems from Appellant's violation of probation imposed on three offenses to which he pled guilty at two related criminal action numbers on August 14, 2001.[1]  The pleas arose from Appellant's sexual assault of his daughter during June and July of 1999.  As a consequence of the guilty

---

[1] Appellant originally pled guilty to a total of six offenses.  Specifically, at each of the two above-captioned criminal dockets, Appellant pled guilty to aggravated indecent assault, indecent assault, and corruption of minors. However, three of the sentences expired before Appellant committed the instant probation violation.

pleas, Appellant was required to comply with the registration requirements of Pennsylvania's version of Megan's Law. Appellant was subsequently sentenced pursuant to the negotiated guilty pleas to time served (215 days) to twenty-three months imprisonment followed by eight years of probation. Appellant violated the terms of his probation six times over the next twelve years. "Two of these violations involved contact with a minor, three of the violations involved drug use, and the rest involved discharge from treatment." N.T., Violation Hearing, 01/02/14, at 2.

The immediate appeal stems from the sentences imposed after Appellant's seventh probation violation, which occurred on September 6, 2013, when he failed to report to his probation officer, Donald Acker. *Id.* Officer Acker visited Appellant's last known address two days after the missed appointment and discovered that Appellant no longer lived at that address and had not notified anyone of this change. *Id.* at 3. Appellant was not located by authorities until October 17, 2013, and was subsequently charged with failure to register with the Pennsylvania State Police pursuant to the reporting requirements of Pennsylvania's Megan's Law. *Id.*

On January 2, 2014, Appellant stipulated to the facts underlying the technical violation of probation for his failure to report to his probation officer. The trial court revoked Appellant's probation and ordered a presentence investigation ("PSI") report. On June 11, 2014, the trial court imposed the probation revocation sentence of four to eight years

incarceration with credit for time served.[2] N.T., Violation Sentencing, 6/11/14, at 18. During the same proceeding, Appellant pled guilty to one count of failure to register with the Pennsylvania State Police.[3] In that case, which was docketed at No. 5821-2013, the trial court imposed the negotiated sentence of two and one-half to five years imprisonment, which was to run concurrently with the probation violation sentence.[4] *Id*. at 18. On June 23, 2014, the trial court vacated the revocation sentence based on a credit miscalculation and imposed three and one-half to seven years imprisonment, again with credit for time served. Appellant filed a motion to modify sentence on July 3, 2014, which was denied by the trial court. He filed a timely notice of appeal to this Court on July 23, 2014.

Appellant presents one issue for our review: "Was an aggregate sentence of three and one-half to seven years incarceration manifestly

_____

[2] The PSI revealed that Appellant served approximately 500 days in jail on these offenses excluding the most recent period of incarceration while he awaited resentencing.

[3] To be clear, the trial court revoked Appellant's probation due to the technical violation of Appellant's failure to report to his probation officer and not Appellant's subsequent Megan's Law violation at criminal action number 5821-2013. Although the trial court opinion suggests that the probation revocation was predicated, at least in part, upon that offense, the certified record confirms that the trial court found the technical violation and revoked Appellant's probation five months before Appellant pled guilty to the Megan's Law violation.

[4] Appellant did not appeal the sentence imposed on the Megan's Law violation, and we do not address it herein.

excessive and clearly unreasonable under the circumstances of this case?" Appellant's brief at 4.

Appellant's argument challenges the discretionary aspects of his sentence. Our standard of review when an appeal challenges the discretionary aspect of sentencing requires that this Court conduct a four-part analysis to determine: (1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was preserved at sentencing or in a motion to modify the sentence; (3) whether the brief contains a statement of the reasons relied upon for the appeal in compliance with Pa.R.A.P 2119(f), and; (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code. ***Commonwealth v. Bullock,*** 948 A.2d 818, 825-826 (Pa. Super. 2008).

Appellant's notice of appeal was timely filed within thirty days of the date the revocation sentence was imposed, and the issue was asserted in his motion for modification of his sentence and preserved in a concise statement of the errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Additionally, Appellant set forth in a separate section of his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence pursuant to Pa.R.A.P 2119(f). Thus, we must determine whether his assertion raises a substantial question.

An appellant must demonstrate that there is a "substantial question" that the imposition of such a sentence is inappropriate in order to appeal. 42 Pa.C.S § 9781(b). "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." **Commonwealth v. Coolbaugh**, 770 A.2d 788 (Pa. Super. 2001). An abuse of discretion exists when "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. Smith**, 673 A.2d 893, 895 (Pa. 1996).

Appellant asserts that the aggregate sentence of three and one-half to seven years imprisonment is manifestly excessive in light of the fact that the trial court imposed the sentence without considering several factors relative to the circumstances of the offenses, the violation, and his rehabilitative needs. Initially, Appellant argues that the trial court abused its discretion in failing to account for his continuing struggles with homelessness and that the complexities of registration under the requirements of Megan's Law mitigated his probation violation. N.T., Violation Sentencing, 6/11/14, at 11-12. Appellant also advances the argument that this particular violation was a purely technical one, which occurred as a result of a change in the landlord/tenant regulations of the borough in which he was residing. *Id.* at 12. The change, he argues, caused him to be evicted without notice. **Id.** He continues that his fear that losing his approved address, coupled with his

prior violations, caused him to believe that he would be automatically sent back to prison. *Id*. at 13. As a result, he avoided addressing the situation with his probation officer and began to camp in a wooded area. *Id.*

The final consideration that Appellant asserts the trial court allegedly neglected to consider was that he attempted to turn himself in to the Lancaster County Prison one weekend after he set up camp in the woods but was turned away by prison officials. He alleges that the prison authorities instructed that they would not accept his surrender because no warrant had been issued for his arrest. *Id*. Appellant apparently construed this to mean that he had no other options but to return to his campsite and wait for a warrant to be issued for his arrest on the probation violation.

In sum, Appellant contends that the trial court's failure to consider the combined effect of the foregoing points prior to imposing the judgment of sentence made his sentence of three and one-half to seven years incarceration "manifestly excessive and clearly unreasonable under the circumstances of this case." Appellant's brief at 4, 12. Appellant's assertion raises a substantial question that the sentence is inappropriate. ***Commonwealth v. Parlante***, 823 A.2d 927, 930 (Pa.Super 2003) (allegation that trial court imposed sentence that is disproportionate to crime and failed to consider, *inter alia*, background or nature of offense raised plausible arguments that sentence was contrary to fundamental norms which underlie sentencing process); ***see also Commonwealth v. Crump***, 995

A.2d 1280, 1283 (Pa. Super. 2010) ("[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'")

The sentencing code provides, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Courts may sentence a defendant to a period of total confinement following the revocation of probation if:

> (1) The Defendant has been convicted of another crime; or
>
> (2) The conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) Such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). When imposing a sentence, the certified record must demonstrate that the trial court was aware of and considered the above referenced statutory factors, the unique facts of the crime, and the character of the defendant. *Crump*, *supra* at 1283.

Contrary to Appellant's claims, the record indicates that the trial court considered all of the factors enumerated under 42 Pa.C.S.§§ 9721(b) and 9771(c), the prior probation violations, and Appellant's character when

imposing his sentence. Preliminarily, we observe that the trial court reviewed the PSI in this case and that report is included in the certified record. Our Supreme Court has held that a sentencing court which has received a pre-sentence investigation report is considered to have been fully informed of the relevant factors prior to sentencing. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Additionally, we note that Appellant pled guilty to violating the registration requirements of Megan's Law. While this offense was not the basis of the instant parole revocation, at a minimum, the guilty plea evinces the serious nature of Appellant's continuing technical violations and confirms the trial court's concern that Appellant will commit another crime if he is not imprisoned. *Cf*. *Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super. 1999) (unrelated conviction for another crime is grounds for revocation of probation and imposition of sentence of total confinement).

As it relates to the trial court's express rationale for fashioning the specific sentence imposed herein, one factor the sentencing court emphasized was Appellant's long history of probation violations since being released from prison. Appellant had been under supervision for twelve and one-half years by the time of his most recent sentence, and had violated the conditions of his release six times prior to his most recent violation for failure to report. N.T., 6/11/14, at 15. These violations included three separate drug violations despite the fact he was fully aware that he would be

regularly tested. *Id.* In addition, Appellant failed to complete, and was subsequently discharged from, three different sex offender treatment programs after repeatedly failing to attend treatment sessions or comply with their supervision requirements. *Id*. at 16. Appellant continued to have contact with minors in direct violation of his probation requirements. *Id.* While these violations may only be technical, their regular and continuous nature over a twelve and one-half year period, coupled with the seriousness of the underlying crimes for which he had originally been convicted, led the sentencing court to conclude that Appellant was clearly not committed to his own rehabilitation or to compliance with the rules of his probation. *Id*. at 15.

In *Parlante*, *supra*, this Court overturned the defendant's sentence of four to eight years in prison after it was determined that the sentencing court had failed to consider all of the relevant factors during sentencing, despite the fact that she had seven technical and non-technical violations of her probation. Appellant avers that his case is similar to *Parlante* based on the numerous violations of probation and his assertion that the sentencing court also failed to give consideration to all the relevant factors in his case. Appellant's brief at 9. However, one of the main factors that this Court considered in reversing the sentence in *Parlante* was that the defendant in that case had never committed a violent crime. *Id*. at 931. The case at bar is distinguishable on this basis due to the inherent violence in the underlying

crimes of aggravated indecent assault and indecent assault, four of the six offenses that Appellant committed against his minor daughter.

Appellant's case shares far more similarities with the facts in **Commonwealth v. Sierra**, 752 A.2d 910 (Pa. Super. 2000). The **Sierra** Court upheld the sentencing court's imposition of the statutory maximum sentence following the defendant's technical violations of her probation and subsequent arrest for simple assault. **Id.** at 915. The judge in **Sierra** stated, on the record, that the appellant's actions clearly indicated that probation had been ineffective in rehabilitating her, as well as his belief that her conduct indicated that it was likely that she would commit another crime if not imprisoned. **Id**. at 914. In **Commonwealth v. Cappellini**, 690 A.2d 1220, 1225 (Pa.Super. 1997) the court reached the same conclusion after determining that defendant's continued drug use and inability to complete substance abuse treatment in accordance with the rules of his probation illustrated the likelihood that he would commit another crime. These factors are in compliance with those that may be used by a sentencing court to justify a new sentence of total incarceration after a revocation of probation under 42 Pa.C.S. § 9771(c).

In **Commonwealth v. Martin**, 611 A.2d 731 (Pa.Super 1992), this Court upheld the defendant's sentence on the basis that the sentencing judge's statements following his reading of the pre-sentence report indicated that he had correctly considered and balanced all of the relevant factors. At

sentencing the trial court asserted that it was "particularly concerned" because of the defendant's prior sexual offense and the fact that he had committed another rape less than one month after his release. *Id.* at 735. The sentencing court in the immediate case addressed her concerns on the record in a similar fashion.

> Of the prior violations, three were for marijuana use, certainly an indication that even though you're under supervision and you know that it's gonna come out, that you're unable or willing to conform your behavior or get any level of attention or treatment that will prevent you from future violations on that basis. What's more disturbing is that three of the tech[nical violations] in a row, 2005, 2006, and 2008, were discharge from sex offender treatment. One was for pornography use, contact with a minor; one was recanting your admission to the underlying offense, contact with the victim; and another was failure to attend the treatment sessions and contact with a minor. And that's serious. To me, those technical violations are every bit as worrisome and serious as failure to register.

N.T. Sentencing Hearing, 6/11/14, at 15.

In addition, the trial court acknowledged Appellant's struggles with homelessness but disregarded Appellant's contention that the requirements under Megan's Law were confusing because he had been under supervision long enough to learn the rules. *Id*. at 11, 16. Appellant was missing for over a month and never contacted his probation officer to explain his situation. In fact, Appellant was not apprehended until a police officer happened upon him and discovered the existence of a warrant for Appellant's arrest. *Id*. at 13.

- 11 -

Appellant has failed to prove that the lower court abused its discretion or that the sentence which it imposed upon him was manifestly excessive or unreasonable under the circumstances of his case. The sentencing court accounted for all of the relevant factors necessitated by 42 Pa.C.S. §§ 9721 and 9771(c) in fashioning the instant sentence. The factors included Appellant's character, struggles with homelessness, prior violations of the terms of his probation, failed attempts at completing rehabilitative treatment, and the seriousness of the underlying crimes for which he was originally convicted. Hence, the certified record demonstrates that the trial court considered the unique facts of the crime and Appellant's character. This is Appellant's seventh violation of the terms of his probation and although the violation is technical, his personal background and criminal history indicated the likelihood of recidivism—a designation that Appellant subsequently confirmed by pleading guilty to the criminal offense of failing to register pursuant to Megan's Law.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2015