J-S24023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL HILL | : | |
| | : | |
| Appellant | : | No. 1296 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0202811-2005,
CP-51-CR-0202821-2005

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 12, 2019**

Khalil Hill appeals from the judgment of sentence of two and one-half to five years' incarceration entered following his revocation of probation. Hill challenges the discretionary aspects of his sentence. We affirm.

The revocation court laid out the factual and procedural history as follows:

> On March 27, 2004, [Hill] was arrested in connection with two home invasion burglaries. On March 29, 2005, [Hill] appeared before this [c]ourt and pleaded guilty to two counts of Criminal Trespass and one count of Criminal Conspiracy, all graded as second degree felonies. Pursuant to the negotiated sentence, this [c]ourt sentenced him to 11 ½ to 23 months county incarceration plus one year reporting probation. On October 7, 2005, this [c]ourt granted [Hill] early parole. [Hill] reported to his probation officer on November 2, 2005 and then absconded from supervision. Wanted cards were issued on April 18, 2006. Apparently, [Hill] moved to Delaware, where he incurred several arrests between 2008-2013, including charges of criminal mischief, offensive touching, assault, and possession of

_____
\* Former Justice specially assigned to the Superior Court.

marijuana. These charges were dismissed without prejudice. He was arrested in Pennsylvania and taken into custody on November 9, 2014.

On November 20, 2014, [Hill] appeared before this [c]ourt for a violation hearing. This [c]ourt found him in technical violation for absconding from supervision. As a result, this [c]ourt terminated his parole and revoked his probation. [Hill] was sentenced to 5 years reporting probation on each count to run concurrently with one another. This [c]ourt ordered [Hill] to obtain his GED, pay costs and fines, seek and maintain employment, undergo random urinalysis, and complete parenting classes. [Hill] told the [c]ourt that he did not have a drug or alcohol problem.

[Hill] reported to his probation officer once on December 16, 2014 and then absconded from supervision. His whereabouts remained unknown until he was arrested in February 2015. On April 2, 2015, this [c]ourt found [Hill] in technical violation for absconding from supervision for the second time; sentencing was deferred. On June 29, 2015, this [c]ourt sentenced him to 11 ½ to 23 months county incarceration plus 3 years reporting probation on each count to run concurrently. This [c]ourt stated that [Hill] would be eligible for work release upon completion of parenting classes and anger management classes. [Hill] was ordered to undergo random urinalysis, seek and maintain employment, pay fines and costs at a rate of $25/month, and, upon release, report every two weeks to the probation department.

On May 20, 2016, this [c]ourt granted [Hill] early parole and notified him that there would be a status listing in this matter on November 21, 2016. After his release on parole, [Hill] absconded from supervision yet again. He failed to appear on November 21, 2016 and his whereabouts remained unknown until he was arrested on March 8, 2018.

On March 29, 2018, [Hill] appeared before this [c]ourt for his third violation hearing. First, this [c]ourt reviewed his conduct and criminal history since his first appearance before this [c]ourt in 2005 noting that he had absconded from supervision again and tested positive for benzodiazepines and marijuana. This [c]ourt stated that the probation department recommended revocation.

Next, defense counsel Danielle Yacono, Esquire, stated that [Hill] had supporters present in the courtroom, including his girlfriend who was pregnant with twins. She argued that [Hill] was

working regularly for a janitorial company owned by his uncle and would continue to do so. Ms. Yacono further argued that [Hill] had a prescription for Percocet and had turned to using marijuana when he went through a hard time in his life and lost several members of his family. She argued that [Hill] failed to report because he "panicked and he didn't want to go upstate." Ms. Yacono recommended a sentence of 11 ½ to 23 months county incarceration with work release eligibility. The Commonwealth gave no argument, but recommended a county sentence.

Next, [Hill] spoke on his own behalf. He stated that he was homeless after his grandparents died and his wife left him. He stated that he was "not a troubled person" and was "just a working man trying to get my life together to take care of my family."

This [c]ourt found [Hill] in technical violation for absconding from supervision yet again, for testing positive for marijuana, and for not paying fines, costs, and supervision fees. This [c]ourt revoked his probation and terminated his parole. [Hill] was sentenced to 2 ½ to 5 years state incarceration, to run concurrently on all counts, with credit for time served. This [c]ourt stated that this sentence is absolutely necessary to vindicate the authority of the court.

On April 5, 2018, [Hill] filed a petition to Vacate and Reconsider Sentence. On April 27, 2018, [Hill] filed a Notice of Appeal to the Superior Court. On July 24, 2018, upon receipt of all notes of testimony, this [c]ourt ordered that [Hill] file a Concise Statement of Errors Complained on Appeal Pursuant to Pa.R.A.P. 1925(b) and defense counsel did so on August 14, 2018.

Trial Court Opinion, filed 9/21/18 at 1-4 (citations to the record omitted).

Hill raises one issue on appeal, which we reproduce verbatim:

Did not the lower court abuse its discretion when it imposed a sentence of two and a half to five years total confinement for technical violations of probation where the sentence was not individualized, disproportionate to the conduct at issue, manifestly excessive and unreasonable, and not in conformity with the requirements of the Sentencing Code?

Hill's Br. at 3.

Hill contends that his sentence for technical violations of probation is excessive and unreasonable because for most of the probationary period, he remained employed, and he has paid the court fines and costs and produced paystubs, tax forms, his diploma, and prescriptions for drugs he had taken. *Id.* at 12. He also contends that while the court put weight on his arrests in Delaware, those arrests were for alleged misdemeanor offenses, which were subsequently *nolle prossed* or dismissed. *Id.* He asserts that his repeated absconding from supervision unfairly overshadowed his steady employment and that he was not convicted of additional crimes. *Id.* at 13.

Conversely, the Commonwealth contends that the revocation court did not abuse its discretion. It notes that while it had requested a more lenient sentence, the revocation court was still within its discretion to impose the instant sentence. Commonwealth's Br. at 7. It further notes that the sentence was necessary to vindicate the authority of the court, given Hill's record of absconding from supervision whenever the revocation court showed him leniency. *Id.* at 10. Additionally, it argues that the record does not support Hill's claims that he remained employed and conviction-free, yet even if it did, the court was still within its discretion. *Id.*

The right to appeal the discretionary aspects of a sentence is not an absolute right. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1274 (Pa.Super. 2006). Prior to reaching the merits of the sentencing issue, we employ a four-part test to determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903;

(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 1410 [now Rule 720];

(3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005) (quoting *Commonwealth v. Martin*, 611 A.2d 731, 735 (Pa.Super. 1992)).

Here, Hill has complied with the first three requirements of challenging the discretionary aspects of his sentence. After filing a timely motion to reconsider, Hill filed a timely notice of appeal and a Rule 2119(f) statement of reasons for allowance of appeal. Thus, we now turn to whether Hill has raised a substantial question.

A substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). In the revocation context, there is a substantial question when a sentence of total confinement is imposed as a result of a technical violation of parole or probation. *See Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000). That raises a substantial question because "the imposition of a sentence of total confinement after the

- 5 -

revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'" ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010) (quoting ***Sierra***, 752 A.2d at 913)).

Here, Hill asserts that the sentence is excessive and disproportionate to the violations he committed. As the sentence of total confinement is in excess of the original sentence, and was imposed for a technical violation, we will review the merits of Hill's claim. ***See Sierra***, 752 A.2d at 913.

"The imposition of a sentence following the revocation of probation is vested within the sound discretion of the trial court[.]" ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super. 2015) (quoting ***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014)). To succeed on a challenge to the discretionary aspects of a sentence following a revocation hearing, the appellant must make a showing that the sentence was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will. ***Id.*** (quoting ***Colon***, 102 A.3d at 1043). Absent such an abuse of discretion, we will not disturb the sentence imposed by the revocation court. ***Id.*** (quoting ***Colon***, 102 A.3d at 1043).

A revocation court may employ the same sentencing alternatives that were available to it at the time of initial sentencing. 42 Pa.C.S.A. § 9771(b). However, the revocation court should not impose a sentence of total confinement unless:

(1) the defendant has been convicted of another crime; or

- 6 -

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

*Id.* at § 9771(c)(1)-(3).

Hill's claims that the sentence is excessive are unavailing. As the revocation court noted, it had already given Hill multiple opportunities to rehabilitate himself through work release, probation, and early parole. Tr. Ct. Op. at 7. Each time, Hill absconded from supervision. When Hill was first released on early parole in 2005, he absconded for nine years. *Id.* at 6. When he was apprehended and brought back to court, the court leniently sentenced him to five years of probation. *Id.* Hill absconded again until he was arrested seven months later. *Id.* at 7. After he was sentenced to county incarceration, Hill was paroled at his minimum and, yet again, absconded. *Id.*

This Court's decision in *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006), is instructive. There, the defendant was serving 18 months' probation when he absconded from supervision for four days. *Id.* at 1250. The revocation court sentenced him to 18 to 36 months' incarceration. *Id.* This Court determined that because the defendant had not complied with previous judicial efforts, including drug court, probation, or prior revocations, and had not been "putting anything into" the court-imposed rehabilitation

- 7 -

efforts, a sentence of total confinement was necessary to vindicate the court's authority. ***Id.*** at 1254.[1]

Similar to ***Malovich***, we find that the revocation court was acting within its discretion by sentencing Hill to two and one-half to five years of incarceration. Over the past decade, Hill has shown disregard for the court's authority by repeatedly absconding from supervision. While Hill asserts he has remained employed and paid his fines and costs, that does not outweigh the violations to the point of constituting an abuse of discretion. Hill does not appear to be amenable to treatment and he has failed to comply with all previous judicial efforts to ensure his success. In other words, he had not been "putting anything into" the court-imposed rehabilitation efforts. ***See Id.***

Thus, the sentence of total confinement was necessary to vindicate the authority of the court. There was no abuse of discretion.

We affirm.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19

---

[1] We also concluded that the record reflected that the defendant had committed another criminal offense, as his probation officer had found him in possession of marijuana, and supported the conclusion that he was likely to commit another crime. ***Malovich***, 903 A.2d at 1254.

- 8 -