J-S31040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KRISTOPHER NEWMAN | : | |
| | : | |
| Appellant | : | No. 51 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 3, 2018
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000375-2016

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED SEPTEMBER 13, 2019**

Kristopher Newman ("Newman") appeals from the judgment of sentence imposed following his plea of *nolo contendere* for aggravated assault, simple assault, and endangering welfare of children.[1] Newman contends his sentence was unduly harsh. We affirm.

The trial court summarized the underlying facts as follows.

> The charges in this matter arose from incidents of child abuse directed at the four year old daughter of . . . Newman's [former] girlfriend. The abuse included instances of physical and mental abuse, included tying the child's hands and then securing her in a garbage bag as punishment for soiling herself. The record reflects that as a result of the physical abuse the child suffered injuries to her head, face, [and] body, and suffered swelling of her liver due to a blow to her stomach.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(8), 2701(a)(1), and 4304(a)(1), respectively.

Trial Court Opinion, filed May 3, 2018, at 2. In exchange for Newman's plea of *nolo contendere*, the Commonwealth reduced the aggravated assault charge from a first-degree felony to a second-degree felony. Following the plea hearing, the court ordered a presentence investigation ("PSI") report and scheduled a sentencing hearing.

At sentencing, the Commonwealth presented the testimony of the victim's father, who testified that his four-year-old daughter had sustained life-threatening injuries, including an enlarged liver from being hit in the abdomen. She also had scratches on her face, bruises on her face and head, and missing hair. The victim's father also testified that his daughter's behavior has changed: while she used to be very affectionate and carefree, she now trembles at hearing Newman's name, awakens terrified in the night, and refuses to sleep in a room by herself. In addition to the victim's father's testimony, the Commonwealth presented the video footage of an incident that occurred when Newman left the courtroom following his plea hearing, in which Newman accosted a cameraperson.[2]

Newman exercised his right to allocution. Newman acknowledged that he has problems controlling his temper. He asserted that he had already been punished for the charges, as the legal proceedings caused him to lose his job, his friends, and his relationships. He added that he had not seen his children in three years, and had been harassed on social media and was assaulted by

_____

[2] The video was not included in the certified record, and no description of its contents appears in the record.

the victim's father. Newman stated he had sought counseling for the depression, anxiety, and "aggravation" brought on by the charges. N.T., 4/3/18, at 10. Newman complained that the victim's father's testimony was fabricated, and stated that the difference in age between him and the victim did not matter "when it comes to somebody's life being ripped apart[.]" *Id.* at 18.

Regarding the incident in the video, Newman explained that when he left the courtroom following his plea hearing, a newsperson with a camera surprised and confronted him. Newman stated that he overreacted because he had been under extreme stress and was ashamed and embarrassed at his conduct. Newman also presented the testimony of his current girlfriend, who stated she did not believe Newman was guilty and denied that Newman had ever mistreated her daughter.

Before imposing sentence, the court stated that it took into consideration the PSI, the video, and a character letter submitted by Newman. The court then stated,

> In all this time I have seen murderers, rapists, and none have had such a poor attitude as you do. To have the guts, and I guess it's guts or stupidity, whatever it is, to stand there and to smirch the idea that the victim is four years old is beyond comprehension.

*Id.* at 19.

The court sentenced Newman to 30 to 84 months' incarceration for aggravated assault, which the court noted was above the aggravated range for that charge.[3] It stated its reasons were

> primarily your demeanor in this court, your comments on the record, obviously the tape. But I am going to give you credit on that, you know, you are frustrated, it's a tough situation, and you walk out in the hall and the movie camera is sticking in your face. Okay. I am going to give you the benefit of the doubt, okay, on that. However, I cannot give you the benefit of the doubt of the level of crime that this is. And I am departing from the guidelines and going above the guidelines, beyond the aggravated range for the following reasons: This child was in a position of care or trust with you. Second, the offense was more onerous and significant than a usual type of child abuse case that we would see. Third, the victim was particularly vulnerable due to her age of four. Fourth, it is the opinion of this [c]ourt and based on the [PSI] and the affidavit of probable cause that you inflicted extreme cruelty on the victim. Five, a lesser sentence would depreciate the seriousness of the crime. Six, I do find due to your inability to manage your anger that you are a danger to society. For those reasons, I deviate from the sentencing guidelines and go above the aggravated range.

*Id.* at 20. For endangering the welfare of children, the court sentenced Newman to 12 to 60 months' incarceration, consecutive to his sentence for aggravated assault. The court noted that this sentence was in the standard range. For simple assault, the court sentenced Newman to a standard-range

---

[3] Newman was convicted of Aggravated Assault under 18 Pa.C.S.A. § 2702(a)(8), a second-degree felony, which carries an offense gravity score of 7. Newman's prior record score was 1. *See* Explanation of Defendant's Rights, filed 1/30/18. An aggravated range sentence for this offense begins at a minimum sentence of 16 months' confinement and extends to a minimum of 22 months. *See* 204 Pa. Code § 303.16(a). The statutory maximum is ten years' confinement. *See* 18 Pa.C.S.A. § 1103(b).

sentence of 60 months' probation, concurrent with his sentence for endangering the welfare of children. The aggregate term of incarceration was 42 to 144 months. After the court sentenced Newman, it noted for the record that Newman "just turned to the victim's father and told him he would see him and he is an asshole." *Id.* at 25.

Newman filed a post-sentence motion, arguing that the sentences "were unduly harsh as the Court sentenced [him] above the aggravated range"; an aggravated sentence was unnecessary to satisfy the intent of the sentencing guidelines; and the court impermissibly relied on Newman's unsworn statements to the media. The court denied the motion.

Newman appealed,[4] and raises a single issue: "Whether the trial court was in error in denying [Newman's] Post Sentence Motion for Sentence Modification when it found that it was not unduly harsh to sentence [Newman] to serve incarceration of 42 months to 144 months[.]" Newman's Br. at 4.

---

[4] Newman's first appeal was dismissed by this Court due to his counsel's failure to file a brief. *See* 568 WDA 2018. Newman subsequently filed an application to reinstate his appeal in the trial court, asserting that he had never received the appellate briefing schedule and the Commonwealth had no objection to reinstatement of his appellate rights. The trial court granted the application and reinstated Newman's direct appeal rights. As the proper procedure for reinstatement of appellate rights *nunc pro tunc* is through the filing of a petition under the Post Conviction Relief Act, *see Commonwealth v. Bennett*, 930 A.2d 1264, 1269 (Pa. 2007), the trial court should have construed Newman's application as a PCRA petition. Regardless of the court's failure to do so, the lower court had jurisdiction to grant the requested relief, as Newman filed his application/petition within one year of his judgment of sentence. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, there is no defect in this Court's exercise of jurisdiction over the instant appeal.

A four-part test must be satisfied before this Court will allow an appellant to challenge the discretionary aspects of his sentence. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005) (quoting **Commonwealth v. Martin**, 611 A.2d 731, 735 (Pa.Super. 1992)).

Newman's appeal is timely, and he has included a Rule 2119(f) statement in his brief. We next turn to whether Newman has preserved his issues and whether he raises a substantial question that his sentence is not appropriate under the Sentencing Code.

Whether an appellant has presented a substantial question is evaluated on a case-by-case basis. **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" **Id.** (quoting **Commonwealth v. Brown**, 741 A.2d 726, 736 (Pa.Super. 1999)). This Court will not look beyond the Rule 2119(f) statement in determining whether an appellant has presented a substantial question, and

will not accept bald assertions of sentencing errors. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018)

Newman's Rule 2119(f) statement reads in its entirety, "[Newman] moves for sentence modification arguing that the trial court's imposition of a sentence of 42-144 months['] incarceration was unduly harsh case [sic] as follows: (1) the sentence was beyond the aggravated range, (2) the [c]ourt failed to property consider mitigating factors; (3) the [c]ourt ran the sentences consecutively." Newman's Br. at 7 (unpaginated).

Newman has failed to preserve and raise a substantial question. Regarding the latter two assertions in his Rule 2119(f) statement, Newman did not raise in his post-sentence motion that the court failed to consider mitigating factors, or that the court's decision to run his sentences of confinement consecutively rendered his sentence unduly harsh. Thus, these issues are waived. ***See*** Pa.R.A.P. 302(a). Moreover, Newman does not identify the mitigating factors the court allegedly failed to consider, or explain why the court's decision to run the sentences of confinement consecutively rendered his sentence excessive given the facts of the case. ***See Radecki***, 180 A.3d at 468 (bald assertions do not raise a substantial question); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super. 2013) (substantial question exists where the "decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case").

Contrary to Newman's first assertion—that his **aggregate** sentence was above the aggravated range—only the sentence imposed for aggravated assault, of 30 to 84 months' incarceration, was above the aggravated range. The other sentences the court imposed were within the standard ranges. And, the Sentencing Code allows sentencing courts to impose a sentence above the aggravated range, unless the sentence is unreasonable. **See** 42 Pa.C.S.A. § 9781(c)(3) (stating appellate court shall vacate above-guidelines sentence when "unreasonable"). Newman does not assert in his Rule 2119(f) statement any reason why his sentence for aggravated assault is unreasonable. Newman's claim that his sentence for aggravated assault is unduly harsh simply because it falls outside the guidelines does not present a colorable argument that his sentence was inconsistent with a specific provision of the Sentencing Code, or contrary to fundamental sentencing norms. **Commonwealth v. Harvard**, 64 A.3d 690, 701 (Pa.Super. 2013).[5]

_____

[5] Although we do not look beyond the Rule 2119(f) statement in order to assess whether a substantial question exists, we observe that Newman repeats in the argument section of his brief that there is a substantial question his sentence is inappropriate "because it is outside the guideline range and all information was not properly considered." Newman's Br. at 9. Newman also argues that the court "ignored mitigating factors such as his background, prior criminal record, and his statements made at sentencing in imposing consecutive sentences," but Newman does not explain what factors or statements favored a mitigated sentence. **Id.** Finally, Newman states that the court erred in "placing too much weight on the statements of the victim's father and on the news media coverage of this incident, which resulted in a total sentence that is beyond the aggravated range." **Id.** Again, Newman confuses his aggregate sentence with his single above-aggravated range sentence. He has also waived the issue of the court's reliance on the victim's

Even if Newman's issues were properly before us, we would conclude the court did not abuse its discretion in imposing sentence in this case. First, the court considered the PSI, and we therefore presume that it considered and weighed all relevant sentencing factors. *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa.Super. 2016). Second, the transcript of the sentencing hearing reflects that the court did not place undue weight on Newman's incident with the cameraperson, as the court stated that it sympathized with Newman's state of mind at the time, and gave him the "the benefit of the doubt" on his actions during that interaction. *See* N.T. at 20. Finally, the court thoroughly explained its reason for departing from the guidelines on the aggravated assault charge. *See* 42 Pa.C.S.A. § 9721(b). The court's reasons encompassed the onerousness of the offense and Newman's extreme cruelty toward the victim, the age of the victim and Newman's responsibility for her safety, the necessity of imposing a sentence to reflect the seriousness of the crime, and finally, that due to Newman's "inability to manage [his] anger[, he is] a danger to society." N.T. at 20.

Ultimately, given the circumstances of the offense, the characteristics of the defendant, the sentencing court's observations, and the guidelines ranges, we do not find that the above-aggravated sentence of 30 to 84

---

father's testimony by failing to raise it in his post-sentence motion, and waived the issue of the court's reliance on "media coverage" by failing to include it in his question presented and Rule 2119(f) statement. Therefore, the argument section of Newman's brief also fails to present a preserved substantial question.

months' incarceration was unreasonable. **See** 42 Pa.C.S.A. § 9781(c)(3), (d). Nor do we find that the aggregate sentence of 42 to 144 months' incarceration was excessive or constituted an abuse of discretion. **See Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014) ("a sentence will not be disturbed absent a manifest abuse of discretion") (quoting **Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa.Super. 2007) (*en banc*)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019