J-S20023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WHALING | : | |
| | : | |
| Appellant | : | No. 1217 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 6, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003299-2015

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 18, 2019**

Mark Whaling appeals from the judgment of sentence entered after a jury found him guilty of aggravated assault, simple assault, and false imprisonment.[1] Whaling challenges discretionary aspects of sentencing. We affirm.

At Whaling's jury trial, the Commonwealth submitted evidence that in September 2015, Whaling struck the victim in the head with a pole and a metal doorstopper, smothered her with a pillow, grabbed her by the hair, choked her, and pointed a knife at her in a threatening manner. Whaling also held the victim captive in his apartment for approximately 12 hours. The jury found Whaling guilty of the above-listed crimes.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2903(a), respectively.

At sentencing, Whaling's counsel referred to the sentencing memorandum she had filed, which contained a letter from Whaling's sister and a photograph of Whaling's only child. Whaling exercised his right to allocution, which comprises over four pages of the transcript of the hearing. Whaling asserted his innocence, claimed that a detective connected with the case was corrupt and that the victim was a prostitute, and asserted that his trial was unfair. Whaling also stated he had previously been addicted to drugs, had cancer and would likely die in prison, and had fasted for 55 days and had found religious purpose. The Commonwealth noted the severe emotional impact the attack has had on the victim, pointed out that Whaling was on state parole when he committed these crimes, and argued that Whaling has not shown any remorse.

The court stated it had read the presentence investigation report and considered the sentencing guidelines, and that it was familiar with this case, having presided over the jury trial. Before imposing sentence, the court stated the following:

> And I have a host of concerns in fashioning this sentence. There's an adult criminal record that goes back to 1993 for a variety of offenses including various drug offenses, assaultive behavior. And there were lots of opportunities for any treatment deemed appropriate for Mr. Whaling. So, to the extent today he's saying he's a crack addict, he's certainly had the opportunity to address that.
>
> I'll note that he's been revoked on at least one prior occasion for supervision and he was on supervision from the State authorities at the time these events occurred.

- 2 -

And from the trial testimony – and I focus solely on the testimony of Mr. Whaling – it's clear that he was living a lifestyle that was not consistent with abiding by the terms of his supervision. Even accepting as true his version of events, he's clearly engaging in behavior that's in violation of the terms of his supervision.

Mr. Whaling certainly has a right to go to jury trial. He exercised that right. And 12 members of this community unanimously found that he committed these offenses and they are serious offenses. I'm giving him the benefit today of not applying the deadly weapons enhancement. I do so because he was found not guilty of possessing instruments of crime. And I'll have an offense gravity score of 10 utilized, the attempted serious bodily injury guidelines as set forth by [Whaling's counsel] this morning.

I note also the impact this had on the victim. And I know you can throw her under the bus as much as you want, Mr. Whaling, but you're the one that chose to befriend her and spent time with her. And the end result to her is you've now been convicted of aggravated assault, false imprisonment, and simple assault as it relates to her. I note that she's not asking for restitution or any money from you, but she does indicate that she's had nightmares about it, that it's severely impacted her life which is understandable given the testimony that came out at trial and found credible by the jury.

N.T., 9/6/16, at 14-16.

The court then imposed an aggregate sentence of eight to 16 years' incarceration. For aggravated assault, the court sentenced Whaling to seven to 14 years' incarceration. For false imprisonment, the court sentenced Whaling to one to two years' incarceration. The court acknowledged the sentences fell within the aggravated range of the sentencing guidelines. *Id.* at 16. The court imposed no further penalty for simple assault, because it merged with the aggravated assault conviction for sentencing purposes. The

court ordered the two periods of imprisonment to run consecutively to each other, stating the following:

> So what I'll do is this . . . I'll make [the aggravated assault sentence] consecutive to the State prison sentence [Whaling] was serving at the time he committed these offenses because, clearly, he was not complying with the terms of his supervision. He's not amenable to community supervision. . . . As to [false imprisonment], I'll order a period of incarceration . . . consecutive to [the aggravated assault sentence].

*Id.* Whaling did not initially file a post-sentence motion or direct appeal. However, he filed a timely Post Conviction Relief Act petition seeking reinstatement of his post-sentence motion and direct appeal rights, which the court granted. Whaling filed a post-sentence motion, which the court denied, and a timely *pro se* notice of appeal.

The trial court ordered a Rule 1925(b) statement, but counsel failed to file one. We concluded that Whaling's counsel had been *per se* ineffective and remanded for the filing of a *nunc pro tunc* Rule 1925(b) statement and a Rule 1925(a) opinion. *See Commonwealth v. Whaling*, No. 1217 WDA 2018, 2019 WL 2745536 (Pa.Super. filed July 1, 2019) (unpublished memorandum). Whaling's counsel thereafter filed a Rule 1925(b) statement, raising issues related to the court's discretion at sentencing, and the trial court authored a Rule 1925(a) opinion.

Whaling raises the following issues:

[1.] Whether the sentencing court abused its discretion in imposing a consecutive sentencing scheme, which amounted to a manifestly excessive sentence?

[2.] Whether the lower [c]ourt committed legal error and abused its discretion in failing to set forth a legally sufficient contemporaneous statement in support of the imposition of a consecutive sentencing scheme?

[3.] Whether the lower [c]ourt lacked a legally sufficient predicate to impose sentence in the aggravated range of the sentencing guidelines and otherwise in failing to state a legally sufficient contemporaneous statement in support of that election?

[4.] Whether the lower [c]ourt failed to afford sufficient weight and mitigation to the fact that [Whaling] is in poor health and this sentence as constituted will likely amount to a life sentence given [Whaling]'s limited prospects for surviving the minimum term of sentence[?]

Whaling's Br. at 2.

We must determine four things before we will allow an appeal challenging discretionary aspects of his sentence:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005) (quoting

*Commonwealth v. Martin*, 611 A.2d 731, 735 (Pa.Super. 1992)).

Whaling's appeal is timely, he preserved his discretionary sentencing issues in a post-sentence motion, and he included a Rule 2119(f) statement in his brief. We next turn to whether Whaling's Rule 2119(f) statement raises a substantial question that his sentence is not appropriate under the Sentencing Code.

We determine whether an appellant has presented a substantial question on a case-by-case basis. ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" ***Id.*** (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 736 (Pa.Super. 1999) *(en banc)*). This Court will not look beyond the Rule 2119(f) statement in determining whether an appellant has presented a substantial question, and bald assertions of sentencing errors do not suffice. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018). We are unable to discern a substantial question where a Rule 2119(f) statement consists only of boilerplate language of sentencing requirements, and does not apply those principles to the challenged sentence. ***Commonwealth v. Gibbs***, 981 A.2d 274, 283 (Pa.Super. 2009).

In his Rule 2119(f) statement, Whaling asserts, "[T]he fundamental norm violated was that the sentencing scheme was compromised in that the sentencing court failed to afford due weight and consideration to mitigating factors presented by the appellant." Whaling's Br. at 4. He also contends that the trial court failed to proffer a "legally sufficient statement" on the record in support of the imposition of consecutive sentences. ***Id.*** at 5.

Whaling's Rule 2119(f) statement fails to present a substantial question. The flat assertion that the court failed to adequately consider mitigating

factors does not raise a substantial question. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013). Moreover, Whaling does not identify the mitigating factors the court allegedly failed to consider. ***See Radecki***, 180 A.3d at 468 (bald assertions do not raise a substantial question); ***Gibbs***, 981 A.2d at 283 (Rule 2119(f) statement must apply sentencing principles to sentence at issue).

An assertion that the sentencing court did not state on the record adequate reasons for imposing sentence may raise a substantial question. ***See Commonwealth v. Hicks***, 151 A.3d 216, 227 (Pa.Super. 2016). However, Whaling in effect challenges the imposition of consecutive sentences, and an argument that the court should not have imposed consecutive sentences, without more, does not raise a substantial question. ***See Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa.Super. 2014). Rather, to state a substantial question, an appellant challenging consecutive sentences must argue that "the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Id.*** (quoting ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa.Super. 2010)). Whaling's Rule 2119(f) statement does not raise any such issue.

Even if Whaling's Rule 2119(f) statement did present a substantial question for our review, Whaling fails to establish that his consecutive sentences were clearly unreasonable or that the court abused its discretion. ***See*** 42 Pa.C.S.A. § 9781(c)(2) (stating when the court sentences within the

guidelines, an appellate court shall vacate sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable"); ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

Aside from a short statement of law, Whaling's argument repeats nearly verbatim his questions presented, without any analysis or real explanation:

> The sentencing court abused its discretion in imposing a consecutive sentencing scheme, which amounted to a manifestly excessive sentence.
>
> The Court committed legal error and abused its discretion in failing to set forth a legally sufficient contemporaneous statement in support of the imposition of a consecutive sentencing scheme.
>
> The Court lacked a legally sufficient predicate to impose sentence in the aggravated range of the sentencing guidelines and otherwise in failing to state a legally sufficient contemporaneous statement in support of that election.
>
> The Court failed to afford sufficient weight and mitigation to the fact that the Defendant is in poor health and this sentence as constituted will likely amount to a life sentence given the Defendant's limited prospects for surviving the minimum term of the sentence.

Whaling's Br. at 5. These bald statements are inadequate to compel our review of Whaling's claims, and at any rate, they are meritless. ***See*** Pa.R.A.P. 2119(a) (argument should include "such discussion and citation of authorities as are deemed pertinent").

First, as stated above, Whaling does not explain why the court's imposition of consecutive sentences rendered the aggregate sentence excessive in light of the criminal conduct at issue. The court has discretion to

impose consecutive sentences, and a defendant is not entitled to the "volume discount" of having his sentences run concurrently. ***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014). Here, in light of Whaling's reprehensible criminal conduct, we do not find the imposition of consecutive sentences and the resulting aggregate sentence of eight to 16 years' incarceration to be an abuse of discretion.

Second, the court adequately stated its reasons for Whaling's consecutive sentences. Although a court must state in open court at the time of sentencing its reasons for the sentence imposed, ***see*** 42 Pa.C.S.A. § 9721(b), "[a] discourse on the court's sentencing philosophy . . . is not required." ***Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa.Super. 2003) (quoting ***Commonwealth v. Hill***, 629 A.2d 949, 953 (Pa.Super. 1993)). Here, the court gave an extensive explanation of its reasons for the sentences imposed, as quoted above. The court noted Whaling's decades-long criminal record and the numerous failed opportunities at drug rehabilitation. It observed that Whaling had violated his parole previously, and thus found him unamenable to community supervision. It also took into account the severe, ongoing impact on the victim.

Third, Whaling's claim that the court did not state adequate reasons for imposing aggravated sentences was not included in his Rule 2119(f) statement, and he therefore waived it. In any event, the court's stated reasons for imposing aggravated sentences were sufficient. Prior to imposing sentence, the court noted Whaling's lengthy criminal history, his previous

opportunities to address his drug addiction, and the severe impact of the crime on the victim.

Whaling's additional assertion that the court did not consider his health is equally without merit. He repeatedly raised his poor health at sentencing when he exercised his right of allocution. The record thus reflects the court's consideration of the issue. *Antidormi*, 84 A.3d at 761. Finally, Whaling's claim that his poor health in effect renders his eight- to 16-year sentence a life sentence is waived. He failed to include it in his Rule 2119(f) statement, and his appellate brief contains no argument to support the claim.

Judgment of sentence affirmed.

Judge Musmanno joins the memorandum.

President Judge Emeritus Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2019

- 10 -