J-S34021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT LEE ZEEK :
:
Appellant : No. 1500 WDA 2018

Appeal from the Judgment of Sentence Entered September 4, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001101-2017


BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED OCTOBER 02, 2019

Appellant Robert Lee Zeek appeals from the judgment of sentence imposed following his plea of nolo contendere to four counts of involuntary deviant sexual intercourse ("IDSI") and one count of unlawful contact with a minor. See 18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), respectively. Zeek argues that the court abused its discretion in imposing sentence. We affirm.

Zeek entered a plea of nolo contere to allegations that he sexually abused his eight-year-old stepgrandson[1] on four occasions between December 1, 2016, and March 4, 2017. Prior to Zeek's sentencing, the court ordered a pre-sentence investigation ("PSI") report. The court also ordered Zeek to submit to assessment by the Sexual Offenders Assessment Board.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Zeek's son is the victim's stepfather.

At the commencement of the sentencing hearing, the court stated it was in possession of the PSI, and Zeek's counsel and the attorney for the Commonwealth both acknowledged they had received the PSI. The Commonwealth presented a video of the forensic interview of the child victim and the live testimony of the victim's parents. The Commonwealth discussed the emotional trauma the victim endured, and argued that because Zeek waited until the first day of a scheduled four-day trial to enter a plea, the victim suffered further emotional stress in preparing for court, which manifested in physical symptoms. The Commonwealth also pointed out that although the PSI stated that Zeek was suicidal, it also stated that Zeek had no mental health concerns until after his arrest. The Commonwealth requested consecutive sentences to ensure the protection of the victim and the community at large.

Zeek's attorney argued for a mitigated sentence, stating Zeek had been a dedicated stepgrandfather; had plead nolo contendere so his grandchildren would not have to testify at trial; has an elderly mother he intends to care for upon his release; has lost over 150 pounds while incarcerated; and has lost his leg due to diabetes. Zeek's counsel argued that Zeek is suicidal because he will never see his granddaughters again. Zeek's counsel further argued that the Board did not determine him to be a sexually violent predator ("SVP"), and there is a low risk of his reoffending. Zeek did not exercise his right to allocution.

Prior to imposing sentence, the court stated:

> Before the [c]ourt [proceeds to sentence], the [c]ourt will say that in this matter it is not complicated to see that Mr. Zeek committed a monstrous betrayal of trust. Sir, you have betrayed [victim], you have betrayed your granddaughters, you betrayed your son, you betrayed [victim's parents]. The [c]ourt also finds that you acted with monstrous selfishness. Your attorney according to her professional duty made an argument that it was found that you would not recidivate or repeat offenses. The [c]ourt's response to that has to be sometimes once is enough. The damage that you have caused is irreversible. The [c]ourt also finds[,] meaning no disrespect to counsel[], but[,] the [c]ourt's assessment of the talk of suicidality in this case is an extension of your self-centeredness.

N.T., 9/4/18, at 18. The court imposed consecutive sentences of six to 12 years' incarceration for each of the four counts of ISDI and a concurrent sentence of six to 12 years' incarceration for unlawful contact with a minor.[2] The aggregate sentence was 24 to 48 years' incarceration. After imposing sentence, the court stated,

> By the [c]ourt's calculation at the end of your sentence the [c]ourt believes that if its math is right [the victim] will be approximately 32 years old and far beyond the ability of you to damage him and will be well on his way to being the kind of father and protector of children that you should [have] been [as] a [step]grandfather in this case. The [c]ourt finds that if its calculations are correct you would be the age of 81 years old. The [c]ourt believes that this lengthy sentence is needed for the rehabilitation of the defendant whose thinking is skewed on this matter and who is engaging in criminal thinking and the protection of the individual child in this matter as well as the entire family. The [c]ourt well takes the points that it is not just [the victim] who has been damaged here but all the lives in this family have been devastated and it is the results of the defendants criminal and selfish acts. As terms and conditions after release . . . Defendant would have to undergo a

---

[2] The court advised Zeek of his registration requirements.

mental health evaluation and the Project Point of Light if it is available in the State Correctional Institution.

Id. at 19.

Zeek filed a post-sentence motion, stating that his sentence was excessive in light of his age and poor health, his dearth of criminal history, his likelihood of rehabilitation, and his non-SVP determination. The trial court denied the motion.

Zeek presents the following issues on appeal:

1. Whether the sentencing court committed an abuse of discretion by running the sentences on each county consecutively, creating an aggregate sentence that is manifestly unreasonable.

2. Whether the sentencing court committed an abuse of discretion by only considering the nature of the offenses and failing to consider mitigating factors.

3. Whether the sentencing court committed an abuse of discretion by failing to meaningfully consider Mr. Zeek's rehabilitative needs.

Zeek's Br. at vi.

A four-part test must be satisfied before this Court will allow an appellant to challenge the discretionary aspects of his sentence. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Hyland, 875 A.2d 1175, 1183 (Pa.Super. 2005) (quoting Commonwealth v. Martin, 611 A.2d 731, 735 (Pa.Super. 1992)).

Zeek's appeal is timely, he has preserved his challenge to the discretionary aspects of his sentence, and he has included a Rule 2119(f) statement in his brief. We therefore turn to whether his statement raises a substantial question that his sentence is not appropriate under the Sentencing Code.

Whether an appellant has presented a substantial question is evaluated on a case-by-case basis. Commonwealth v. Phillips, 946 A.2d 103, 112 (Pa.Super. 2008). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" Id. (quoting Commonwealth v. Sierra, 752 A.2d 910, 912-13 (Pa.Super. 2000)).

Zeek asserts that the court's decision to impose consecutive sentences rendered his sentence excessive in light of the criminal conduct in this case. Zeek also states the court failed to consider Zeek's "unlikelihood of reoffending, his poor health, and lack of any criminal history," and "expressly disregarded Mr. Zeek's potential for rehabilitation, focusing only on the nature of the charged offenses." Zeek's Br. at xiii (Pa.R.A.P. 2119(f) statement).

Zeek thus argues that his sentence is excessive in light of his criminal conduct, points to specific mitigating factors the court allegedly failed to

consider, and complains the court did not consider his need for rehabilitation. We conclude that Zeek has presented a substantial question that his sentence is not appropriate under the Sentencing Code, and allow the appeal. See Commonwealth v. Caldwell, 117 A.3d 763, 770 (Pa.Super. 2015) ("[a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question").

We will not disturb a sentence "absent a manifest abuse of discretion." Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa.Super. 2014) (quoting Commonwealth v. Robinson, 931 A.2d 15, 26 (Pa.Super. 2007) (en banc)). To establish an abuse of discretion, an appellant must show "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Id. (quoting Robinson, 931 A.2d at 26).

The standard guidelines range for Zeek's IDSI convictions was a minimum of six years to the statutory maximum of 20 years.[3] The court sentenced Zeek to six to 12 years, the minimum sentence in the standard

---

[3] See 204 Pa.Code § 303.15 (listing offense gravity score for 18 Pa.C.S.A. § 3123(b) as 14); 204 Pa.Code § 303.16(a) (providing a standard guidelines range of 72 months to the statutory limit, for an offense with an offense gravity score of 14 committed by an offender with a prior record score of zero); 18 Pa.C.S.A. § 1103(1) (stating statutory maximum for first-time offender convicted of a first-degree felony is 20 years' imprisonment).

range, for each of the four counts.[4] The court imposed a concurrent sentence for unlawful contact with a minor. Where the court imposes a sentence within the sentencing guidelines, as in the case before us, we will vacate the sentence and remand for resentencing only where "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). We are guided in this determination by the four statutory factors outlined in 42 Pa.C.S.A. § 9781(d):

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

In addition, a sentencing court is obligated to consider the following factors:

> The court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

_____

[4] In its 1925(a) opinion, the court erroneously stated that the standard guidelines range for the IDSI offenses was five to 20 years, rather than six to 20 years. However, the Commonwealth announced the standard range of six to 20 years at the sentencing hearing, N.T. at 5. Moreover, Zeek does not argue that the court's 1925(a) opinion indicates it erred in calculating the sentencing guidelines.

42 Pa.C.S.A. § 9721(b).

However, where a PSI exists, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Rush, 162 A.3d 530, 545 n.12 (Pa.Super. 2017) (quoting Commonwealth v. Macias, 968 A.2d 773, 778 (Pa.Super. 2009)). Moreover, a sentencing court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered." Commonwealth v. Foust, 180 A.3d 416, 439 (Pa.Super. 2018) (quoting Commonwealth v. Bullock, 170 A.3d 1109, 1126 (Pa.Super. 2017)); see also Commonwealth v. Simpson, 829 A.2d 334, 338 (Pa.Super. 2003) (stating "[a] discourse on the court's sentencing philosophy . . . is not required"). Rather, "the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing." Foust, 180 A.3d at 439 (quoting Bullock, 170 A.3d at 1126).

As Zeek's arguments are intertwined, we will address them together. First, Zeek argues the court's "unfounded assumptions that [he] lacked insight and was self-absorbed demonstrated its bias against [him]." Zeek's Br. at 2. Zeek complains the court's statements that his "thinking is skewed on this matter," and he is "absorbed in self-pity," "self-centered," and "is engaging in criminal thinking," were based solely on Zeek's statements in the PSI that he is hopeless and suicidal because he will never be able to see his grandchildren

again. Id. at 1-3. Zeek argues that the court's statements were irrational and guided by "baseless prejudice." Id. at 2.

Prior to his appeal, Zeek only complained that the court's sentence was excessive in light of certain mitigating factors and Zeek's need for rehabilitation. Zeek did not argue at sentencing or raise in his post-sentence motion or Rule 1925(b) statement his current argument that the court's remarks at sentencing showed bias, or that the court acted irrationally or without basis in concluding that Zeek's admissions in the PSI regarding his suicidality indicate his self-absorption. We therefore consider the arguments waived. See Pa.R.A.P. 302(a).[5]

Even if the issues were not waived, we would consider them meritless. The court's conclusions regarding Zeek's state of mind at the time of sentencing do not demonstrate a personal bias. The court's conclusions are furthermore based not only on Zeek's assertions in the PSI, but on the argument Zeek's attorney made on this point and the Commonwealth's counter-argument that Zeek did not suffer from any mental health issues until after he was arrested for his criminal conduct.

Next, Zeek argues the court could not have meaningfully considered the PSI, as the PSI does not support the allegedly harsh sentence. According to Zeek, the PSI indicated that he was amenable to mental health treatment, has no substance abuse problems, maintained employment throughout his adult

_____

[5] Zeek also did not include this argument in his Rule 2119(f) statement.

life, suffers from numerous medical conditions, and is not an SVP. Zeek also states he has no criminal history, has lost over 150 pounds while incarcerated due to his refusal to eat, has had his left leg amputated below the ankle due to diabetes, and that he cooperated with the prosecution by entering a plea of nolo contedere. Zeek argues that the trial court's remarks do not reflect that it considered any of these allegedly mitigating factors, or was aware of any facts in the PSI. Instead, Zeek argues, the court's statements reflect that it only considered Zeek's criminal conduct and its impact on the victim. In addition, Zeek argues that the court did not consider his rehabilitative needs when imposing sentence, as evidence by the court's statement that it would not consider Zeek's argument that he had a low chance of recidivism, instead stating, "sometimes once is enough."[6]

We find no merit to Zeek's bald allegation that the court did not consider the contents of the PSI. In addition, each of the mitigating factors Zeek now raises were outlined by counsel at the sentencing hearing.[7] Moreover, we do not find the court's statement that "once is enough" proves the court did not consider Zeek's allegedly low risk for recidivism, but rather indicates that the court balanced that factor along with the other factors in the case. Finally, the

_____

[6] We note that although Zeek states in his Rule 2119(f) statement that his aggregate sentence is excessive given the conduct at issue in the case, Zeek makes no reference to his criminal conduct in the argument portions of his brief.

[7] The only apparent exception is Zeek's employment history; however, even assuming the court was unaware of Zeek's employment history, we do not find it would have much effect on the court's sentence in this case.

court acknowledged Zeek's rehabilitative needs, as it ordered Zeek to participate in a program designed to rehabilitate sexual offenders, and stated on the record that the sentence was due in part to Zeek's need for rehabilitation.

In sum, we believe the record as a whole, reflects that the court considered the statutory sentencing factors. Foust, 180 A.3d at 439. Considering the statutory factors outlined in 42 Pa.C.S.A. § 9781(d), we do not find Zeek's sentence clearly unreasonable or an abuse of discretion, and we therefore affirm Zeek's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2019