J-S61022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS AMIN MOORE | : | |
| | : | |
| Appellant | : | No. 1305 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006068-2017

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.<sup>*</sup>

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 13, 2019**

Appellant, Marquis Amin Moore, appeals from the judgment of sentence entered on March 20, 2019, after the trial court found him in violation of his probation.   On appeal, Appellant's counsel filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).   Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.   On September 13, 2017, Appellant was arrested and charged with knowing and intentional possession of a controlled substance pursuant to 35 P.S. § 780-113(a)(16), possession of drug paraphernalia under 35 P.S.

_____

<sup>*</sup> Former Justice specially assigned to the Superior Court.

§ 780-113(a)(32), false identification to law enforcement in violation of 18 Pa.C.S.A. § 4914(A), and other offenses. **See** Police Criminal Complaint, 9/13/17. On October 19, 2017, Appellant entered guilty pleas to simple possession and false identification to law enforcement. The trial court sentenced him to time served to 12 months' incarceration for simple possession. In addition, the trial court sentenced Appellant to serve one year of probation (consecutive to his sentence of total confinement) for false identification to law enforcement. One of the conditions of Appellant's probationary sentence required him to complete and follow the recommendations of Diagnostic Services at the Delaware County jail, including drug and alcohol evaluations.

On February 11, 2019, Delaware County's Adult Probation and Parole Services Department (the department) issued a request for a **Gagnon II**[1] hearing in which it alleged that Appellant engaged in inappropriate behavior during two sessions of a drug and alcohol program. This conduct included the use of foul language, aggressive gesturing, stealing supplies, extorting other participants, and making inappropriate remarks toward instructors. On February 22, 2019, the department issued a **Gagnon II** hearing report in which it recommended that Appellant be held in violation of the terms of his probation and that he be resentenced to a period of total confinement.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

The trial court convened a hearing on March 20, 2019 to consider Appellant's alleged probation violations. At the hearing, Appellant did not contest his alleged conduct and the trial court found him in violation of his probation. Consequently, the court resentenced Appellant to six to 12 months' incarceration.[2] In addition, the court ordered Appellant to undergo a psychiatric evaluation.

Appellant filed a counseled notice of appeal on April 18, 2019. Thereafter, on April 24, 2019, the court ordered Appellant to file and serve a concise statement pursuant to Pa.R.A.P. 1925(b). On May 13, 2019, counsel for Appellant filed a statement pursuant to Pa.R.A.P. 1925(c)(4) declaring that he intended to file an *Anders* brief and seek leave to withdraw. The trial court issued its opinion on June 11, 2019.

Before reaching the merits of the appeal, we must first address the propriety of counsel's petition to withdraw and *Anders* brief. We have previously determined:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to

_____

[2] Appellant's six to 12 month sentence was ordered to run concurrent to other sentences the trial court imposed at the conclusion of the March 20, 2019 hearing.

- 3 -

retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on the appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

Our Supreme Court has clarified portions of the ***Anders*** procedure:

> In the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

***Commonwealth v. Cook***, 175 A.3d 345, 348 (Pa. Super. 2017) (some citations omitted).

Upon review, counsel has complied with all of the foregoing requirements pursuant to ***Anders*** and ***Santiago***. Appellant has not responded. Thus, we proceed to review the issue set forth in counsel's

*Anders* brief before conducting an independent review of the record to discern if there are non-frivolous issues overlooked by counsel. *Id.*

Counsel for Appellant identifies only a single issue which arguably supports this appeal. This claim alleges that the trial court imposed an unduly harsh and excessive sentence in view of the trivial nature of Appellant's alleged violations and the trial court's imposition of a sentence of incarceration without regard to counsel's arguments. *See Anders* Brief at 3. In support of this claim, counsel asserts that Appellant's sentence was unduly harsh and excessive since "the mitigating circumstances presented in the record far outweigh[ed] the need to impose the amount of jail time" ordered by the trial court. *Id.* at 8.

It is now settled that we may review discretionary sentencing challenges within the context of an appeal from the revocation of probation. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). As such, we undertake a review of Appellant's challenge to the discretionary aspects of his revocation sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:
>
> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

[**Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa. Super. 2005),] *quoting* **Commonwealth v. Martin**, 611 A.2d 731, 735 (Pa. Super. 1992). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing." Id. (citations omitted).

**Commonwealth v. Evans**, 901 A.2d 528, 533-534 (Pa. Super. 2006).

Applying this test, we find that Appellant preserved his claim for appellate review. First, Appellant filed a timely notice of appeal. In addition, although Appellant did not file a motion to have the trial court reconsider his sentence, he raised the instant claims at his sentencing hearing. Third, Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Lastly, we conclude that Appellant has raised a substantial question for our review. **See Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (noting that this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Turning to the merits of Appellant's discretionary sentencing challenge, we conclude that his claims are, indeed, frivolous.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

At sentencing, Appellant did not contest the facts which showed him to be both uncooperative and disruptive in a drug treatment program. As such, there was ample support for the trial court to conclude that probation was no longer a feasible alternative and that a term of incarceration was needed to vindicate the authority of the court. Under these circumstances, a six to 12 month sentence, concurrent to other punishments imposed at the March 20, 2019 hearing, was imminently reasonable. In the absence of any evidence of bias or ill will, we are without grounds to disturb the trial court's sentence. Finally, we have conducted an independent review of the entire record as required by ***Anders*** and have not identified any other non-frivolous issues.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/19